## Elias Cockrell et al., Appellants, v. T. H. Rush et al., Appellees.

1. CERTIORARI—*how petition for construed.* The averments of a petition for *certiorari* are to be construed most strongly against the pleader.

2. CERTIORARI—*when petition does not sufficiently allege failure to file bond.* *Held,* that the petition for *certiorari* in question in this case did not sufficiently allege the failure to file the bond required by statute as a preliminary to the consideration of the proceeding sought to be reviewed.

3. APPEALS AND ERRORS—*what not appealable order.* An order granting an alternative writ of *certiorari* is merely interlocutory and an appeal cannot be taken from an order either granting or denying such alternative writ.

4. APPEALS AND ERRORS—*what does not operate by way of supersedeas.* On the final hearing upon a petition for a writ of *certiorari* the only final order and judgment from which the petitioners are entitled to pray an appeal, is the order and judgment dismissing their petition, and an appeal from such order and judgment does not operate as a supersedeas to continue the alternative writ of *certiorari* in force.

*Certiorari.* Appeal from the Circuit Court of Jersey county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed May 19, 1909.

HAMILTON & HAMILTON, for appellants.

RUFUS M. POTTS and ALFRED ADAMS, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Jersey county dismissing the petition of appellants for a writ of *certiorari* directed to the County Court of said county, for the purpose of bringing before said Circuit Court for inspection the record of a proceeding instituted by appellees to contest the validity of an election which was held on April 7, 1908, in the Town of Jersey, under and by virtue of the statute providing for the creation by popular vote of anti-saloon territory. The petition avers that appellees in their said

petition to contest the validity of said election alleged that 638 votes were cast for the proposition, to wit: "Shall this town become anti-saloon territory," and 553 votes were cast against said proposition, and that there is no allegation in said petition charging that there was any fraud or that any illegal votes were cast at said election, or that the said election did not express the full, fair and true expression of the will of the legal voters of said town upon the said proposition; that no bond for costs as required by statute was filed by appellees in their proceeding in the County Court to contest the validity of said election, and that by reason thereof the said County Court acquired no jurisdiction of the subject-matter of said proceeding; that appellants filed their motion in the County Court to strike the paper purporting to be security for costs from the files, and upon the denial of said motion by the County Court appellants moved said court to dismiss said petition to contest the validity of said election for the reason that no bond for costs had been filed by the petitioners, which motion was also denied by the said County Court; that thereupon appellees filed their motion in said court to dismiss said petition for the reason that the County Court had no jurisdiction to adjudicate the matters contained therein, which motion was denied by the court; that appellants then filed their general and special demurrer to said petition, which demurrer was allowed as to all matters in said petition which challenged the constitutionality of the statute under which said election was held, and was denied as to all other causes alleged in said demurrer; that appelllant then fully answered said petition and appellees filed their replication to such answer.

It is further averred by appellants that on May 1, 1908, they presented their petition to one of the judges of the Circuit Court, praying for a writ of prohibition to be directed to the said County Court and to the judge and clerk of said court and to appellees, prohibiting them from taking any further steps in the pro-

ceeding pending in the County Court to contest the
validity of said election, and that a temporary writ of
prohibition was then ordered as prayed for in said
petition, and said petition was set for hearing on May
15, 1908, when a hearing was had thereon and said
petition was dismissed and the temporary writ of pro-
hibition was dissolved by the court; that appellants
then and there prayed and were granted an appeal
to this court from the order of the Circuit Court dis-
solving said temporary writ of prohibition and then
and there filed their appeal bond therein, whereby the
said proceeding was transferred to this court and said
appeal operated as a supersedeas to hold the said tem-
porary writ of prohibition and to suspend all proceed-
ings in the County Court until said appeal was deter-
mined in this court; that notwithstanding the said ap-
peal to this court the said County Court on May 16,
1908, without having jurisdiction so to do, called the
said election contest proceeding for trial and tried the
same and entered a final judgment therein declaring
the said election to be null and void.

Section 19 of the act which provides for the crea-
tion by popular vote of anti-saloon territory, pre-
scribes the manner in which the validity of an election
held under the provisions of said act may be contested.
Said section provides that ''any five legal voters *
* * may within ten days after the canvass of the
returns of such election and upon filing a bond for
costs contest the validity of such election by filing,''
etc. Assuming for the sake of the argument that the
filing of a bond for costs is a necessary prerequisite to
the assumption by the County Court of jurisdiction
to hear and determine the controversy, the petition
for *certiorari* here involved does not aver facts neces-
sary to show to the court that such bond for costs was
not filed by the petitioners in the proceeding to contest
the validity of the election. The averments of the peti-
tion as the averments of any other pleading are to be
construed most strongly against the pleader. The

averment in the petition that no bond for costs as required by statute was filed by appellees, coupled with the further averment that appellants filed their motion to strike the paper purporting to be security for costs from the files, amount to an admission by appellants that a paper purporting to be a bond or security for costs was filed by appellees in the said proceeding and, furthermore, such averments construed together merely amount to pleading a conclusion of law.

The contention of appellants that the jurisdiction of the County Court in the proceeding to contest the validity of the election in question is limited to ascertaining and determining how many votes were cast for and against the proposition thereby submitted to the legal voters of the Town of Jersey, was considered by this court in the case of The People v. Haushalter, *ante,* page 399, wherein it was held that the jurisdiction of the County Court in a proceeding to contest the validity of such an election, as conferred upon that court by section 19 of the act providing for the creation by popular vote of anti-saloon territory, was not limited to the determination of the question as to how many votes were cast for and against the proposition. The jurisdiction of the County Court in a proceeding to contest the validity of such an election is conferred and defined by the provisions of said section 19, and the further provision in said section that "the procedure in such cases shall be the same as that provided by law for the contesting of an election upon a subject which shall have been submitted to a vote of the people, so far as applicable," is not operative to limit the jurisdiction so conferred and defined.

The temporary, or, more properly, the alternative, writ of prohibition issued by direction of the Circuit Court was only effective until a hearing was had upon the petition of appellants praying for the issuance of a permanent writ. The order granting the alternative writ was merely interlocutory and not final, and no appeal could have been taken from an order of the court either granting or denying such alternative writ.

On the final hearing upon the petition for a writ of prohibition the only final order and judgment from which appellants were entitled to pray an appeal was the order and judgment dismissing their petition, and their appeal from such order and judgment did not operate as a supersedeas to continue the alternative writ of prohibition in force and effect until such appeal was determined.

Appellants' petition for a writ of *certiorari* was properly dismissed and the judgment of the Circuit Court will be affirmed.

*Affirmed.*