ROBERT PENCE, Plaintiff-Appellant, *v.* THE VILLAGE OF RANTOUL, Defendant-Appellee.

(No. 12083;

Fourth District—June 27, 1973.

Charles W. Hendrix, of Champaign, for appellant.

Robert E. Turnbow, of Rantoul, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On March 8, 1971, the plaintiff (operator of a drug store in Rantoul, Illinois) applied for a Class A liquor license from the Village of Rantoul; he included the required license fee in accordance with Village Ordinance No. 691. The village president and board of trustees on May 18, 1971, denied the application and returned plaintiff's cashier's check on the grounds that all twelve Class A liquor licenses were taken. At a later time, a Class A liquor license was relinquished. On January 12, 1972, while the license was available, plaintiff by letter requested a meeting with the board of trustees to present a petition for a license. No license fee was included with that letter.

On February 8, 1972, the village authorities adopted Ordinance No. 705 consisting of two sections which amended Ordinance No. 691. Section I provided that henceforth no liquor licenses of any class should be issued to any establishment whose principal business was the sale of groceries, drugs or general merchandise. Section II reduced the number of Class A liquor licenses from twelve to eleven—thus, eliminating the unissued license. Therefore both sections of the new ordinance precluded the plaintiff from acquiring the license he sought.

On April 20, 1972, plaintiff filed a complaint seeking judicial review of the action of the defendant in passing the ordinance, alleging that his application for a Class A liquor license presented on March 8, 1971, was still on file. Plaintiff asserted that he complied with all of the requirements in existence before the new ordinance and that it consisted of special legislation, directed specifically against him and not applied equally and uniformly to all persons similarly situated and therefore was contrary to both state and federal constitutions. Plaintiff further contended that the Rantoul ordinance classifying liquor licenses violated Illinois Revised Statutes, chapter 43, paragraph 110, by failing to include a classification for the sale of alcoholic liquor for consumption off the premises.

Defendant filed a motion to dismiss the complaint on May 19, 1972, alleging (1) the court lacked jurisdiction and the proper remedy was appeal to the Liquor Control Commission; (2) the complaint failed to state a cause of action; (3) the complaint did not state any recognized grounds for the relief requested; and (4) all necessary parties were not

named. The defendant's motion to dismiss was heard and allowed on June 27, 1972. After his oral motion for leave to file an amended complaint was granted on July 14, 1972, the plaintiff on August 14, 1972, filed a motion electing to stand on his earlier complaint which had been dismissed and asked that the court enter a final appealable order. Such an order was entered on September 8, 1972.

The defendant's motion gave four reasons why plaintiff's complaint should be dismissed. On appeal, the plaintiff contends that defendant's motion was insufficient because it did not specify the defects in the plaintiff's complaint as required by Illinois Revised Statutes, chapter 110, paragraph 45, then arguing that all defects in pleadings which were not objected to at the trial court are waived so that the defendant cannot now more specifically attack the complaint. The defendant contends that the plaintiff cannot complain about the insufficiency of the defendant's motion on appeal because he did not do so at the trial level. So, defendant also relies on chapter 110, paragraph 42, asserting that a motion is a pleading and all defects in form or substance not objected to at the trial level are waived.

■■■ A motion is a pleading and section 42(3) of the Civil Practice Act states that all defects in form or substance not objected to in the trial are waived. (*Chimerofsky v. School District Number 63*, 121 Ill.App.2d 371, 257 N.E.2d 480.) Courts have followed that rule and sustained motions to dismiss when no objection as to the form of the motion was made at the trial court. (*Bohan v. Village of Riverside*, 9 Ill.2d 561, 138 N.E.2d 487.) In that case, the plaintiff relied on section 45 of the Civil Practice Act in arguing that the defendant's motion for judgment on the pleadings did not specifically point out the defects complained of. The supreme court said that even if the motion's form was questionable, it could have been corrected if a timely objection specifying the grounds had been made at the trial court and that the objection in the form of the motion would not be considered when first raised on appeal. In the instant case, at the hearing of June 27, 1972, plaintiff stated to the trial court that the 2d, 3d and 4th paragraphs of defendant's motion to dismiss and strike the complaint failed to comply with section 45 of the Civil Practice Act. Here, as in *Bohan supra,* defendant's motion was not artfully drawn and lacked specific detail. Plaintiff's objections to the motion, however, were equally vague, and the record clearly demonstrates that both sides knew why they were in court, and precisely what issues were raised by the motion. We therefore find no merit in plaintiff's contention that the motion was insufficient.

■■ Illinois Revised Statutes, chapter 43, paragraph 110, gives · every

city, village and incorporated town authority by way of general ordinance or resolution to determine the number, kind and classification of licenses for the sale of alcoholic beverages consistent with the statute. The municipalities are also there given authority to establish other regulations and restrictions upon the issuance of and operations under the local licenses consistent with the law pursuant to the public good and convenience.

■■ The courts have the power to review the question of the validity of municipal ordinances and to declare an ordinance void where it is not within the powers delegated to the municipal corporation by the state. (*Catholic Bishop of Chicago v. Village of Palos Park*, 286 Ill. 400, 121 N.E. 561.) However, courts will not lightly set aside an ordinance as being invalid but will only do so where it is clearly arbitrary or an unfair exercise of power. (*Schuringa v. City of Chicago*, 30 Ill.2d 504, 198 N.E.2d 326.) As a general rule, in determining the validity of a municipal ordinance, the court is not concerned with and has no jurisdiction to inquire into the motives or to determine the propriety of the policy which prompted the enactment of the ordinance. (*Deerfield Park District v. Development Corp.*, 22 Ill.2d 132, 174 N.E.2d 850.) Once it is determined that there is competent authority for the passage of an ordinance, the presumption is always in favor of its validity. *Hartman v. Aurora Sanitary Dist.*, 23 Ill.2d 109, 177 N.E.2d 214.

■■ One of the plaintiff's arguments seems to be that since his original application for a liquor license was still on file, he had some vested right which the municipality could not terminate summarily. However, the regulation and restriction of the selling of alcoholic beverages is a legitimate exercise of the police power. Neither possession of a license nor an application for a license to sell liquor creates a contract or vested right, but rather such a license is merely a temporary permit to do something which otherwise would be unlawful. Municipalities have the continuing authority to pass ordinances limiting the number of liquor licenses to be issued. (*Schreiber v. Illinois Liquor Control Com.*, 12 Ill.2d 118, 145 N.E.2d 50.) The municipality may decrease the number of licenses to be issued whether a renewal or an original application for a liquor license is involved. (*Oak Park National Bank v. Village of Broadview*, 27 Ill.2d 151, 188 N.E.2d 679.) In that case, a village ordinance decreasing the number of liquor licenses precluded the renewal of the plaintiff's license. The court said that the burden of establishing the invalidity of the ordinance rested on the plaintiff and plaintiff did not sustain that burden by merely questioning the reasons the village trustees passed the ordinance. The court held that the motive that may have activated those in authority was not subject to judicial investiga-

tion so the fact that one of the trustees expressed opposition to the holding of liquor licenses by restaurants was irrelevant.

■■ Plaintiff next contends that in some way he is denied equal protection by the new ordinance. A person attacking the validity of an ordinance must show not only that the ordinance is invalid, but also that he has suffered or is in immediate danger of suffering some direct injury as the result of its enforcement and not merely that he suffers from the enforcement in some indefinite manner in common with citizens generally. (*City of Chicago v. Vokes*, 28 Ill.2d 475, 193 N.E.2d 40.) In the instant case, the ordinance by its own language applies to all drug and grocery stores.

■■ Finally, the plaintiff argues that the Rantoul ordinance complained of is in violation of Illinois Revised Statutes, chapter 43, paragraph 110, because it does not provide a class of license for sale of alcoholic beverages to be consumed off the premises. However, the Liquor Control Act expressly delegates the power to determine "the number, kind and classification of licenses for sale at retail of alcoholic liquor * * *." (Ill. Rev. Stat., ch. 43, par. 110.) Such language does not require a municipality to provide, by its ordinance, for the issuance of every classification of license permissible under the statute.

■■ In sum, the plaintiff's complaint on its face shows its insufficiency. First of all, it asked for a judicial review of a decision of the board of trustees of the defendant municipality, rather than directly attacking the validity of the ordinance. It is clear that a municipality may make and alter ordinances pertaining to liquor licenses, and merely having a letter on file seeking to apply for a license would give the plaintiff no standing or vested rights sufficient to question the municipality's exercise of its continuing authority to determine the number of liquor licenses it will issue. Even if the plaintiff had a valid application for a liquor license, he has suffered no peculiar injury as the ordinance applies to all drug stores and grocery stores alike. The trial court was correct in dismissing the plaintiff's complaint for failing to state a cause of action and the judgment is affirmed.

Affirmed.

CRAVEN, P. J., and SMITH, J., concur.