HIGHTIME ENTERTAINMENT INC., Plaintiff-Appellant, *v.* GARY SALUSTRO, Defendant and Counterplaintiff-Appellee.—(RICHARD J. KILLEEN *et al.*, Counterdefendants.)—HIGHTIME ENTERTAINMENT INC., Plaintiff, *v.* GARY SALUSTRO, Defendant and Counterplaintiff-Appellee.—(RICHARD J. KILLEEN, Counterdefendant; EILEEN M. KILLEEN, Counterdefendant-Appellant.)

Third District   Nos. 77-545, 78-26 cons.

Opinion filed April 26, 1978.

Robert L. Hamilton and Robert L. Caplan, both of Chicago, for appellant.

Edward Petka, State's Attorney, of Joliet, and John P. Antonopoulos, of Lemont (Nicholas E. Sakellariou, Assistant State's Attorney, of counsel), for appellee.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

The instant appeals are from an order of the Circuit Court of Will County which allegedly denied the petition of the plaintiff Hightime Entertainment Inc. to have the defendant Gary Salustro comply with the local liquor laws concerning the plaintiff corporation's yearly application for renewal of its Will County liquor license. The original cause of action arose over a dispute occurring within the corporate structure of Hightime Entertainment Inc. and the management of a tavern doing business as "April Fools" located at R.R.#2 in Plainfield, Illinois. The original appeal was case 77-545 filed by the corporate plaintiff, Hightime Entertainment Inc. Another appeal, case 78-26, was filed by Eileen Killeen counterdefendant as an individual. Both appeals are from the alleged denial of the joint petition of plaintiff and counterdefendants Richard J. Killeen and Eileen Killeen to comply with liquor laws. We granted a motion to consolidate both appeals on February 15, 1978, and will accordingly deal with the same issue as it was raised by both appellants in the consolidated appeal.

Plaintiff, Hightime Entertainment Inc., defendant counterplaintiff Gary Salustro and counterdefendants Richard J. Killeen and Eileen M. Kileen, have filed a myriad of motions in both the trial court and the appellate court. On December 30, 1977, we entered an order in effect staying the enforcement of the Will County liquor ordinance as to the plaintiff and restraining and prohibiting that authority from issuing plaintiff's liquor license to any other entity. That order was continued in effect on February 15, 1978, at which time the Liquor Control Commission of Will County was invited to file a brief as *amicus curiae*, which has been done.

After examining all briefs and the record on appeal we conclude that only one issue is properly presented for review at this time. The underlying dispute among the participants concerning the propriety of various corporate decisions and the corporate structure itself should be fully resolved in the trial court on the merits. We will also not reach a decision on the merits of another action in forcible entry and detainer which sought to oust the defendant Gary Salustro from possession of the tavern. The plaintiff asserts that the trial court erred in failing to grant appropriate injunctive relief to plaintiff by temporarily removing the defendant from the management of the tavern and replacing him with one of the counterdefendants, Eileen Killeen, as manager in order for the corporation to obtain a renewal of their Will County liquor license.

The liquor ordinance of Will County provided that the manager of the tavern in these circumstances was required to be a Will County resident.

Defendant was a Cook County resident and therefore did not qualify to apply for a renewal of the corporation's liquor license. Counterdefendant Eileen Killeen, was a Will County resident and therefore could legitimately apply for the license if she replaced the defendant as manager of the tavern.

As a preliminary issue we must determine whether the order appealed from was an appealable final order. To resolve this issue reference must briefly be made to the chronological sequence of orders and motions in the trial court.

On August 31, 1977, the trial court entered an order denying the plaintiff's motion for a temporary restraining order preventing the defendant from operating the tavern and entered an order for a mandatory injunction directing the defendant as to his positive and negative actions in operating the business.

On December 22, 1977, after due notice was served on all parties, a hearing was held on defendant's petition to modify the earlier order of August 31, 1977, and to require Eileen Killeen to sign a 1978 Will County liquor license application. After a hearing, the trial court denied defendant's petition even though the 1977 liquor license was due to expire shortly thereafter. The apparent reasoning of the trial court was that the Will County liquor ordinance required the tavern manager to be a Will County resident and the signature of Eileen Killeen on the renewal application would be ineffective if she were not the manager. On the following day, December 23, 1977, the joint petition of the plaintiff and counterdefendants was presented for hearing and arguments of all parties were heard. That petition entitled a petition to comply with liquor laws, requested the court to order that the defendant, through appropriate injunctive relief, be compelled to comply with the local liquor ordinance. In substance this petition sought the same results the defendant's petition the day before in that it sought injunctive relief to allow the tavern to obtain a renewal of its liquor license in order to operate the business during the next calendar year.

■■ Defendant argues that the proper notice of that latter hearing on the petition to comply with liquor laws was not given and that the trial court therefore quite properly did not rule on the petition. To the contrary, we believe under the circumstances of the immediate need of the liquor license renewal that the defendant did receive sufficient notice of a hearing on the latter petition. Plaintiff and counterdefendants filed the petition on December 22, 1977, and defendant appeared and argued against the petition on the following day. Defendant did not seek a continuance based upon the short notice. Defendant instead appeared and argued the merits of the petition and can not now be heard to claim a lack of sufficient notice.

Defendant also asserts that the order appealed from is not final in that the trial court refused to rule upon the petition and instead entered a general continuance of the matter. We have examined the record and have determined that the trial court ordered the matter continued knowing the liquor license would expire in a matter of a few days if not timely renewed, thereby causing the issue to become moot. This action was tantamount to a denial of the petition and is considered as such.

The relief sought in the petition appealed from was a modification of a prior injunction issued in August by the trial court allowing defendant to remain as the business manager but setting forth directions and guidelines he had to follow in operating the business pending the ultimate decision on the merits of the parties' controversy. As such the order appealed from fell squarely within Supreme Court Rule 307 (Ill. Rev. Stat. 1975, ch. 110A, par. 307) and is therefore a final appealable order.

■■ Having assumed jurisdiction, we find that the trial court erred in not granting the joint petition to comply with liquor laws and placing Eileen Killeen as temporary manager of the tavern in order to preserve one of the major assets of the corporation, the liquor license. The primary purpose of a preliminary injunction is to maintain the status quo and prevent irreparable injury from occurring while the court has an opportunity to consider the matter on its merits. (*O'Brien v. Matual* (2d Dist. 1957), 14 Ill. App. 2d 173, 144 N.E.2d 446.) The trial court clearly had the power to issue an injunction or modify the existing injunction as was sought by the plaintiff's and counterdefendants' joint petition. (Ill. Rev. Stat. 1977, ch. 69, par. 1.) The instant appeal is similar to *Western Auto Supply Co. v. Chalcraft* (4th Dist. 1958), 16 Ill. App. 2d 461, 148 N.E.2d 592, in that if the temporary injunctive relief sought by the appellants is denied the cause may proceed to a point where no remedy would be available because of the destruction of one of the corporation's most valuable assets. The plaintiff and counterdefendants established the existence of an emergency situation which would result in imminent and irreparable harm if the status quo of the corporation's resources and preservation of its liquor license were not maintained.

Upon reviewing the record we conclude also that a prima facie case for success on the merits was established. The last actual peaceful and uncontested status had counterdefendant-appellant, Eileen Killeen, acting as manager of the business. It is clear that the liquor license will not issue unless someone qualified to apply for the renewal of the license does so and that imminent and irreparable harm will occur if the liquor license is not preserved. By comparison there may be much less harm to the defendant as an individual if the petition to comply with liquor laws is granted and the prior injunction modified than to all the parties, otherwise, if the petition is not granted.

■■ Accordingly, the joint petition of the appellants should have been allowed in the trial court, and pursuant to our power under Supreme Court Rule 366 (Ill. Rev. Stat. 1975, ch. 110A, par. 366) the petition to comply with liquor laws is granted, and the cause is remanded to the trial court with directions to implement the granting of the petition by establishing appropriate guidelines for the management of the business and implementing the application for renewal of Will County Liquor License No. 21A, after hearing further evidence. The counterdefendant, Eileen Killeen, shall be allowed to replace the defendant as manager of the corporation's tavern business, and thereby may forthwith apply for a renewal of the liquor license pending the outcome of the litigation between the parties.

The judgment of the Circuit Court of Will County is reversed and the cause is remanded with directions consistent with this opinion.

ALLOY and STOUDER, JJ., concur.