BEC-N-CALL, Inc. *et al.*, Plaintiffs-Appellants, *v.* THE VILLAGE OF STEGER *et al.*, Defendants-Appellees.

Third District No. 79-437

Opinion filed August 27, 1979.

Robert H. Ellch, of Anthony Scariano & Associates, of Chicago, for appellants.

Franklin D. Burkey, of Joliet, for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal was brought by the plaintiffs, Bec-N-Call, Inc., Joey's Tavern, Rentas Tap, Inc., Garpod, Inc., d/b/a Link & Joe's, and Schrementi's Restaurant, Inc., from the denial by the trial court of their motion for preliminary injunction to enjoin the enforcement of an amendment to an ordinance of the village of Steger, Illinois. In addition to the village, the trustees of the village, individually and in their official capacities, were named defendants, as was the village president, who was additionally made a party in his capacity as liquor control commissioner.

The amendment complained of was adopted on June 4, 1979, and would bar the sale of liquor in the village between 2 a.m. and 9 a.m. daily. The plaintiffs are all legally operating establishments whose present licenses to sell liquor are valid until October 31, 1979. Prior to June 21, 1979, the effective date of the amendment, the plaintiffs were permitted to sell alcoholic beverages on their premises at all times except between the hours of 4 a.m. and 6 a.m. daily.

In the lower proceeding, after denying the defendants' motion to dismiss which alleged that the plaintiffs had an adequate remedy at law, the trial court heard the uncontradicted testimony presented by the plaintiffs that they received no notice of charges or hearing regarding the reduction in business hours and that there had been no notification concerning any violation of liquor or general ordinances.

Even though the trial court found that the plaintiffs would suffer a reduction of business, or be driven out of business, as a result of the reduction of business hours, the plaintiffs' motion for a preliminary injunction was denied because the trial court determined that there was no substantial likelihood of success on the merits. We agree.

■■ The first contention of the plaintiffs, while trying to establish that the trial court abused its discretion in denying the motion for a preliminary injunction (cf. S & F Corp. v. American Express Co. (1978), 60 Ill. App. 3d 824, 377 N.E.2d 73 (alleged abuse of discretion in granting injunction)) is that the action of the defendants was void because they failed to comply with the procedural requirements for revoking or suspending a liquor license by the local liquor control commissioner. However, since a preliminary injunction is an extraordinary remedy, it will not issue unless a clear right to relief is demonstrated, including the likelihood that the plaintiffs will be successful on the merits. S & F Corp. v. American Express Co. (1978), 60 Ill. App. 3d 824, 377 N.E.2d 73.

■■ The village, and its board of trustees, are separate and distinct from the liquor control commission, with the exception of the village president who is also the local liquor control commissioner. However, the local liquor control commissioner has no authority to set, reduce or increase the hours during which an establishment may sell alcoholic beverages. (See Ill. Rev. Stat. 1977, ch. 43, pars. 111, 112.) Therefore, each of the individual defendants, including the village president, were acting in their capacity as village officials.

■■ The plaintiffs argue that the village's action in reducing their business hours was tantamount to a 20% revocation of their license. They contend that in the absence of the application of the notice and hearing requirements of section 5 of article VII of the Dramshop Act (Ill. Rev. Stat. 1977, ch. 43, par. 149), such a revocation was illegal. (City of Wyoming v. Liquor Control Com. (1977), 48 Ill. App. 3d 404, 362 N.E.2d 1080.) However, plaintiffs reliance upon Wyoming in support of this position is misplaced. In Wyoming we found that a local liquor control commission could easily effectuate a revocation of a license without adhering to the statutorily proscribed procedure by simply failing to renew an expired license. As a consequence we determined that the legislature intended to include the refusal to issue a renewal license within the term "revocation" as it was found in the Act, and held that the notice and hearing requirements applied to these situations as well as to revocations. We do not believe, however, that the general assembly intended for governmental actions limiting business hours to require such a procedure, because limitations on the power of municipalities such as the village of Steger to act are sufficiently set out elsewhere in the Act and in the cases interpreting it.

■■ The Dramshop Act specifically gives the village the authority to utilize its ordinance enacting powers to promulgate any regulations or restrictions concerning operations under local businesses which are required by the public good and convenience, as long as those regulations and restrictions are not inconsistent with the law. (Ill. Rev. Stat. 1977, ch. 43, par. 110.) Since the Dramshop Act is silent as to the particular matter of the hours during which an establishment may be allowed to sell alcoholic beverages, the amendment is valid unless it denied a license to a person or class not specified in the statute, sought to establish a new, parallel system of licensing, or was not reasonably necessary to effectuate the power granted to create regulations for the public good and convenience. *Tavern Owners Association v. County of Lake* (1977), 52 Ill. App. 3d 542, 367 N.E.2d 748.

We are not here involved with a denial of a license to a person or class not specified in the statute or with the creation of a parallel scheme of licensing. So, the only question remains is whether the ordinance was reasonably necessary for the public good and convenience.

■■ To refute the contention that this ordinance was amended for the public good and convenience, the only evidence presented by the plaintiffs was that, prior to the amendment, they had not received any notification concerning charges of violations of the Dramshop Act, or of any liquor or general ordinance. However, there need be no violations of the existing statutes, ordinances or regulations for the public good and convenience to require a change in the ordinance.

■■ It is not the burden of the village to establish the validity of the ordinance. Rather, it's the burden of the challenging party to prove its invalidity and the motives which may have activated those in authority to amend the ordinance are not subject to judicial investigation. (*Oak Park National Bank v. Village of Broadview* (1963), 27 Ill. 2d 151, 188 N.E.2d 679.) Merely questioning the reasoning of the village trustees is insufficient. *Pence v. Village of Rantoul* (1973), 12 Ill. App. 3d 446, 298 N.E.2d 775.

■■ In the case at bar, the testimony adduced by the plaintiffs merely raised some nebulous doubt as to the motivation of the village trustees and president. It did not prove by a preponderance of the evidence that the ordinance was not reasonably necessary for the public good or convenience. Therefore, we cannot say that the trial court abused its discretion by denying the plaintiffs' motion for a preliminary injunction, and accordingly, the order of the Circuit Court of Will County is affirmed.

Affirmed.

ALLOY and SCOTT, JJ., concur.