TWO KATS, INC., d/b/a Kats, *et al.*, Plaintiffs-Appellants, v. THE VILLAGE OF CHICAGO RIDGE *et al.*, Defendants-Appellees.

First District (5th Division)   No. 86—1087

Opinion filed September 12, 1986.

James E. Gierach, of Gierach, Schussler & Walsh, Ltd., and Richard Cohen, both of Chicago, for appellants.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (Richard C. Clark, Stephen J. Schlegel, and Paul D. Sheldon, of counsel), for appellees.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an interlocutory appeal by plaintiffs, who are tavern owners, from an order denying their motion for a temporary restraining order to prevent defendants from enforcing an ordinance which modifies the hours during which liquor licensees may operate their businesses. The ordinance in question became effective on May 1, 1986, the day after the expiration of the previous licenses issued to plaintiffs permitting them to operate until 4 a.m., and requires licensees to close at 2 a.m. Plaintiffs' motion for a temporary restraining order was denied, and this appeal followed. We have granted a stay of enforcement of the ordinance pending appeal.

Plaintiffs claim that the ordinance unlawfully deprives them of constitutionally protected property rights and that the ordinance violates the Liquor Control Act of 1934 (Ill. Rev. Stat. 1985, ch. 43, par. 93.9 *et seq.*), because it is not reasonably necessary to enhance the public good. Asserting that they have made substantial expenditures in reliance on the continued availability of 4 a.m. licenses, plaintiffs argue that they will suffer financial hardship if they are not allowed to operate their taverns between 2 a.m. and 4 a.m.

OPINION

■■■ To be entitled to temporary injunctive relief, plaintiffs must establish that they possess a clearly ascertained right which needs protection; that they will suffer irreparable harm without the protection of an injunction; that they have no adequate remedy at law and that they are likely to be successful on the merits of their action (*Cross Woods Products v. Suter* (1981), 97 Ill. App. 3d 282, 284, 422 N.E.2d 953). The denial of a temporary restraining order is a matter within the sound discretion of the trial court, and its decision will not be upset on appeal without a finding of an abuse of that discretion. (*Advertising Checking Bureau, Inc. v. Canal-Randolph Associates* (1981), 101 Ill. App. 3d 140, 147, 427 N.E.2d 1039.) In our judgment, plaintiffs have not shown any abuse of discretion by the trial court as we believe they have failed to establish either that they have a clearly ascertained right which needs protection or that they are likely to be

successful on the merits of their action.

Plaintiffs acknowledge that under Illinois law a liquor license is not a property right but a privilege. (Ill. Rev. Stat. 1985, ch. 43, par. 119.) As such, liquor licenses are not subject to the protection of due process under the constitution. (*Malito v. Marcin* (1973), 14 Ill. App. 3d 658, 662, 303 N.E.2d 262, *appeal dismissed for want of a substantial federal question* (1974), 417 U.S. 963, 41 L. Ed. 2d 1135, 94 S. Ct. 3165; *Huguley v. Marcin* (1976), 39 Ill. App. 3d 230, 232, 349 N.E.2d 564; see also *Great Atlantic & Pacific Tea Co. v. Mayor & Commissioners of Danville* (1937), 367 Ill. 310, 317, 11 N.E.2d 388. Cf. *Reed v. Village of Shorewood* (7th Cir. 1983), 704 F.2d 943, 948-49.) Plaintiffs maintain, however, that the ordinance represents an arbitrary and unreasonable use of the police power in that it will impair their right to make a living and to own property.

In the exercise of its police power, the legislature may enact laws regulating anything harmful to the public welfare, even though such regulation may interfere with the liberty or property of an individual (*People v. Warren* (1957), 11 Ill. 2d 420, 424-25, 143 N.E.2d 28), and it is well settled that the State may delegate to municipalities its power to license, regulate or prohibit traffic in intoxicating liquors. *Maywood-Proviso State Bank v. City of Oakbrook Terrace* (1966), 67 Ill. App. 2d 280, 286, 214 N.E.2d 582.

The Liquor Control Act (Ill. Rev. Stat. 1985, ch. 43, par. 93.9 *et seq.*) gives the village of Chicago Ridge the authority to regulate tavern hours. The Act provides that in every city, village or incorporated town, the city council or president and board of trustees "shall have the power *** to determine the number, kind and classification of licenses, for sale at retail of alcoholic liquor *** and to establish such further regulations and restrictions upon the issuance and operations under local licenses not inconsistent with law as the public good and convenience may require." (Ill. Rev. Stat. 1985, ch. 43, par. 110.) The Act further provides that a municipality may "restrict the permissible hours for the sale of alcoholic liquors under such licenses in its political subdivision as the public good and convenience may require." (Ill. Rev. Stat. 1985, ch. 43, par. 129.) Therefore, under the laws of the State, Chicago Ridge was authorized to pass the ordinance. *Illinois Liquor Control Com. v. City of Joliet* (1975), 26 Ill. App. 3d 27, 30, 324 N.E.2d 453; *Liquor Control Com. v. City of Calumet City* (1975), 28 Ill. App. 3d 279, 283, 328 N.E.2d 153.

A municipal ordinance, passed pursuant to a legislative grant of power, is presumed to be valid. (*City of Decatur v. Chasteen* (1960), 19 Ill. 2d 204, 210, 166 N.E.2d 29.) The fact that an ordinance may

impose burdens or restrictions on the use of property which would not have existed without the enactment of the ordinance, is not determinative of its validity. (19 Ill. 2d 204, 210-11, 166 N.E.2d 29; see also *Pence v. Village of Rantoul* (1973), 12 Ill. App. 3d 446, 450, 298 N.E.2d 775.) The tavern owners claim that the ordinance here deprives them of property rights in that the shorter hours will reduce the value of their investments in their businesses, and will result in a reduction of revenues.

■ Although a licensee may renew his license at the expiration thereof, the renewal privilege may not be construed as a vested right. (Ill. Rev. Stat. 1985, ch. 43, par. 119; *Nechi v. Daley* (1963), 40 Ill. App. 2d 326, 334, 188 N.E.2d 243.) The municipality may decrease the number of licenses to be issued whether a renewal or an original application for a liquor license is involved. (*Oak Park National Bank v. Village of Broadview* (1963), 27 Ill. 2d 151, 188 N.E.2d 679.) Logically, this power encompasses the authority to reduce the hours of operation allowed in renewal licenses of the same class.

We have addressed on previous occasions the issue of the validity of municipal ordinances restricting the hours during which liquor may be sold. In *Maywood-Proviso State Bank v. City of Oakbrook Terrace* (1966), 67 Ill. App. 2d 280, 214 N.E.2d 582, plaintiffs, who held liquor licenses within the city, complained of an ordinance which prohibited the sale of alcoholic beverages after 1 a.m. on Monday through Friday, and after 2 a.m. on Saturday, Sunday and legal holidays. Plaintiffs argued that the ordinance violated a preannexation agreement entered into between the city and plaintiffs' predecessors in title to the real estate in question which provided, among other things, that any liquor license granted to the owners of the real estate would permit the serving of liquor until 3 a.m. on Monday through Friday, and until 4 a.m. on Saturday, Sunday and holidays. The city adopted a contract ordinance authorizing the execution of the agreement on behalf of the city and thereafter adopted an ordinance annexing the property in question.

We held that under section 6—1 of the Liquor Control Act (Ill. Rev. Stat. 1985, ch. 43, par. 119), the city did not have the power or authority to contract, in effect, for the issue of a liquor license to a particular location for beyond the period of one year. (*Maywood-Proviso State Bank v. Village of Oak Terrace* (1966), 67 Ill. App. 2d 280, 288, 214 N.E.2d 582.) The provisions of the agreement relative to the granting of such a license and the ordinance authorizing the execution of the agreement containing such provisions were declared to be without legal force and void. (67 Ill. App. 2d 280, 286, 214 N.E.2d 582.

See also *People v. Harrison* (1912), 256 Ill. 102, 109, 99 N.E. 903.) Apropos of the issue in the present appeal, we stated that the later ordinance modifying the hours during which liquor licensees could operate was "a valid general ordinance governing the hours of sale of alcoholic liquor by all persons so engaged within its political subdivision." *Maywood-Proviso State Bank v. Village of Oak Terrace* (1966), 67 Ill. App. 2d 280, 288, 214 N.E.2d 582.

In *Bec-N-Call, Inc. v. Village of Steger* (1979), 75 Ill. App. 3d 957, 394 N.E.2d 728, plaintiffs, who held liquor licenses, sought a preliminary injunction to enjoin the enforcement of an ordinance which prohibited the sale of liquor between the hours of 2 a.m. and 9 a.m. daily, where the prior ordinance had barred such sales only between 4 a.m. and 6 a.m. daily. The trial court denied the motion and plaintiffs appealed. The issue on review was whether the ordinance was reasonably necessary to effectuate the power granted to municipalities to create regulations for the public good and convenience. Plaintiffs' only evidence on this question was that, prior to the amendment, they had not received any notification concerning charges of violations of the Dramshop Act, or of any liquor or general ordinance. We noted, however, that "there need be no violations of the existing statutes, ordinances or regulations for the public good and convenience to require a change in the ordinance." 75 Ill. App 3d 957, 960, 394 N.E.2d 728.

In *Bec-N-Call*, we also observed that it was not the burden of the village to establish the validity of the ordinance. Rather, it was the burden of the challenging party to prove its invalidity. (75 Ill. App. 3d 957, 960, 394 N.E.2d 728; see also *Oak Park National Bank v. Village of Broadview* (1963), 27 Ill. 2d 151, 154-55, 188 N.E.2d 679.) In determining the validity of a municipal ordinance, the court is not concerned with and has no jurisdiction to inquire into the motives or to determine the propriety of the policy which prompted the enactment of the ordinance. (*Pence v. Village of Rantoul* (1973), 12 Ill. App. 3d 446, 450, 298 N.E.2d 775.) It is immaterial that no written record was made as to why the ordinance was prepared and the purposes it was intended to accomplish; that the views of the members of the community were not solicited; that no witnesses testified before the village board before the ordinance was passed; or that no public hearings were conducted with respect to the advisability of the ordinance. (*Oak Park National Bank v. Village of Broadview* (1963), 27 Ill. 2d 151, 154-55, 188 N.E.2d 679.) In *Bec-N-Call*, the testimony adduced by the plaintiffs merely raised some "nebulous doubt" as to the motivation of the village trustees and president. It did not establish by a preponderance of the evidence that "the ordinance was not rea-

sonably necessary for the public good or convenience." *Bec-N-Call, Inc. v. Village of Steger* (1979), 75 Ill. App. 3d 957, 960, 394 N.E.2d 728.

In light of plaintiffs' failure to prove that they were likely to be successful on the merits, we affirmed the denial of their motion for a preliminary injunction notwithstanding the trial court's finding that "plaintiffs would suffer a reduction of business, or be driven out of business, as a result of the reduction of business hours." (75 Ill. App. 3d 957, 959, 394 N.E.2d 728.) In our judgment, the opinion in *Bec-N-Call* is persuasive authority for affirming the denial of injunctive relief in this case. The principal authority on which plaintiffs rely for reversal, *Bojangles, Inc. v. City of Elmhurst* (1976), 39 Ill. App. 3d 19, 349 N.E.2d 478, is clearly distinguishable because in that case the municipality arguably exceeded the scope of its regulatory authority when it forbade liquor licensees from imposing cover charges. *Hightime Entertainment Inc. v. Salustro* (1978), 59 Ill. App. 3d 289, 375 N.E.2d 187, is also distinguishable because there plaintiff established a "prima facie case for success on the merits." 59 Ill. App. 3d 289, 292, 375 N.E.2d 187.

■ Because the business of selling liquor is closely related to certain evils in society, it is subject to any regulation which has any substantial relation to the public health, comfort, safety or welfare (*Daley v. Berzanskis* (1971), 47 Ill. 2d 395, 398, 269 N.E.2d 716), and the legislative judgment as to what the public welfare requires is not open to judicial dispute so long as that judgment is not exercised in such an arbitrary, oppressive and unreasonable manner as to constitute a deprivation of due process. (*Miller v. Illinois Liquor Control Com.* (1969), 44 Ill. 2d 155, 158, 254 N.E.2d 502.) The legislature's discretion is broad, and its determinations may not be overturned because a court may think them unwise or inappropriate. 44 Ill. 2d 155, 158, 254 N.E.2d 502.

■ The village of Chicago Ridge reasonably may have concluded that earlier closing hours for all liquor licensees would reduce the likelihood of disorderliness, disturbances and drunk driving, thereby affording a greater degree of protection to its residents. The reasonableness of that conclusion would not be affected by the later closing hours in effect in the surrounding suburbs as, under the Liquor Control Act, each municipality may "restrict the permissible hours for the sale of alcoholic liquors under such licenses in its political subdivision as the public good and convenience may require." (Ill. Rev. Stat. 1985, ch. 43, par. 129.) A municipality's evaluation of what the public good and convenience require is not limited or controlled by what

other municipalities, in the exercise of their own discretion, may decide is in their best interest. (See generally *Kalodimos v. Village of Morton Grove* (1984), 103 Ill. 2d 483, 500-05, 508-10, 470 N.E.2d 266.) Otherwise, neither section 6—14 of the Liquor Control Act (Ill. Rev. Stat. 1985, ch. 43, par. 129), nor sections 9—1 through 9—19 of the Act (Ill. Rev. Stat. 1985, ch. 43, pars. 166 through 182), which authorize local-option referenda, could be given effect. (*Illinois Liquor Control Com. v. City of Joliet* (1975), 26 Ill. App. 3d 27, 35-36, 324 N.E.2d 453.) See also *Malito v. Marcin* (1973), 14 Ill. App. 3d 658, 660, 303 N.E.2d 262, *appeal dismissed for want of a substantial federal question* (1974), 417 U.S. 963, 41 L. Ed. 2d 1135, 94 S. Ct. 3165; *Philly's v. Byrne* (7th Cir. 1984), 732 F.2d 87.

Plaintiffs' motion for a preliminary injunction, which was attached to their motion for a temporary restraining order, also alleged in conclusional terms that the ordinance deprives them of equal protection of the laws and that it constitutes an intolerable burden on interstate commerce. Neither allegation was supported by any facts or evidence and neither will be considered here.

Upon our review of the record we believe that plaintiffs failed to establish either that they have a clearly ascertained right which needs protection or that they are likely to succeed on the merits of their action. In light of that determination it is unnecessary to determine whether they have shown they will suffer irreparable harm without the protection of a restraining order or that they have no adequate remedy at law for their alleged injuries.

For the foregoing reasons the order denying plaintiffs' motion for a temporary restraining order is affirmed.

Affirmed.

PINCHAM and LORENZ, JJ., concur.