BLACK KNIGHT RESTAURANT, INC., Plaintiff-Appellant, v. THE CITY OF OAK FOREST *et al.*, Defendants-Appellees.

First District (1st Division) No. 86—988

Opinion filed August 24, 1987.

Odelson & Sterk, Ltd., of Chicago (Burton S. Odelson and Mark H. Sterk, of counsel), for appellant.

Ancel, Glink, Diamond, Murphy & Cope, P.C., of Chicago (Stewart H. Diamond and Steven Hogroian, of counsel), for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

This appeal was brought by plaintiff, Black Knight Restaurant, Inc., d/b/a Juke Box Saturday Night, from the dismissal of its first amended complaint seeking, *inter alia*, to enjoin defendants from enforcing an amendment to the Oak Forest liquor ordinance which eliminated extended-hour liquor licenses. The city of Oak Forest, the aldermen of Oak Forest, individually and in their official capacities, and James Malecky, individually, as mayor of Oak Forest and as *ex officio* Oak Forest liquor control commissioner, were named defendants. As grounds for its contention that the trial court erred in granting defendants' motion to dismiss, plaintiff contends on appeal that its extended-hour liquor license constituted a property right subject to due process protections which were violated by defendants' failure to give

notice or to hold a hearing with respect to the amendment.[1] For the following reasons, we affirm the judgment of the trial court.

The record sets forth the following facts relevant to this appeal. Plaintiff has been in the retail business of selling food, alcoholic and nonalcoholic beverages since 1975. On January 25, 1984, Oak Forest enacted liquor control ordinance 1326 which permitted the use and consumption of alcoholic beverages upon licensed premises. Section 8 of the ordinance established various classes of liquor licenses. With the exception of establishments having either a class "A-1" or class "B-1" license, section 22 prohibited the retail sale of alcoholic beverages between 2 a.m. and 7 a.m. on weekdays, between 3 a.m. and 7 a.m. on Saturdays, and between 3 a.m. and 9 a.m. on Sundays. Those establishments having either a class "A-1" or class "B-1" license were permitted to remain open an additional two hours each morning. Section 12 of the ordinance limited the number of class "A-1" and class "B-1" extended-hour liquor licenses to a total of two.

Plaintiff had the sole class "A-1" liquor license issued by Oak Forest. The record is unclear as to whether a class "B-1" liquor license had ever been issued. Pursuant to section 11 of the ordinance, all liquor licenses expired on the April 30 following their issuance. In late March 1985, plaintiff applied for renewal of its class "A-1" license for the 1985-86 licensing period.

On April 10, 1985, prior to commencement of the renewal period, the Oak Forest city council adopted ordinance 1379, which amended ordinance 1326 to eliminate all class "A-1" and class "B-1" extended-hour liquor licenses. The amendment was effective April 11, 1985. As a result of the amendment, plaintiff was unable to renew its class "A-1" liquor license and, instead, was issued a class "A" license, which necessitated that its hours of operation be shortened by two hours each morning.

On May 1, 1985, plaintiff filed a complaint for injunctive and declaratory relief as well as for monetary damages. The complaint was subsequently amended on September 23, 1985. Count I of the first amended complaint alleged that defendants' actions in amending the ordinance to reduce the hours of operation caused a reduction in plaintiff's business which acted to deny plaintiff its right to make a

---

[1] Although plaintiff has appealed from an order dismissing a multi-issue complaint, it has raised and argued on appeal only the due process issue. Consequently, all remaining arguments raised in the complaint are deemed waived for review. See *Board of Education of Arbor Park School District No. 145 v. Ballweber* (1983), 96 Ill. 2d 520, 451 N.E.2d 858; *Lakeview Trust & Savings Bank v. Estrada* (1985), 134 Ill. App. 3d 792, 480 N.E.2d 1312; Ill. Rev. Stat. 1985, ch. 110A, par. 341(e)(7).

living and effectuated a taking of its property without due process or just compensation. Count I further alleged that defendants' action violated plaintiff's right to equal protection because it was the only liquor licensee to have its hours reduced. Count II was predicated upon an antitrust theory. Count III alleged intentional interference of plaintiff's business relationship; and count IV argued the unconstitutionality of the reduction in business hours pursuant to 42 U.S.C. 1983 (1981).

On October 18, 1985, defendants moved to dismiss the cause of action pursuant to section 2—615 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—615.) The trial court granted defendants' motion, finding that, as a matter of law, plaintiff's complaint failed to state a cause of action. Although given leave to file an amended complaint, plaintiff declined to do so and its timely appeal followed.

■ It is well established under Illinois law that a license to sell alcoholic beverages is a privilege, not a property right, and, thus, is not subject to due process protections. (*Great Atlantic & Pacific Tea Co. v. Mayor & Commissioners* (1937), 367 Ill. 310, 11 N.E.2d 388; *People v. McBride* (1908), 234 Ill. 146, 84 N.E. 865; *Huguley v. Marcin* (1976), 39 Ill. App. 3d 230, 349 N.E.2d 564; *Malito v. Marcin* (1973), 14 Ill. App. 3d 658, 303 N.E.2d 262; Ill. Rev. Stat. 1985, ch. 43, par. 119. See also *Two Kats, Inc. v. Village of Chicago Ridge* (1986), 147 Ill. App. 3d 440, 497 N.E.2d 1314.) In its argument, plaintiff has overlooked this entire line of cases and, instead, relies on *Reed v. Village of Shorewood* (7th Cir. 1983), 704 F.2d 943, and *City of Wyoming v. Illinois Liquor Control Com.* (1977), 48 Ill. App. 3d 404, 362 N.E.2d 1080. In our view, neither of these cases is persuasive of plaintiff's position.

In *Reed*, defendants continuously harassed plaintiff until plaintiff finally gave up its liquor license prior to its expiration. Specifically, over a two-year period, defendants arrested plaintiff's customers and employees on groundless charges, suspended plaintiff's liquor license for alleged infractions of the local liquor control ordinance, revoked plaintiff's license on trumped-up charges until it was reinstated by the Illinois Liquor Control Commission, and refused to renew the liquor license until it was ordered to do so by the Commission. Plaintiff filed a suit for damages under 42 U.S.C. 1983 (1981), alleging unconstitutional deprivation of property.

At the outset of its analysis, the *Reed* court "juxtaposed" *Board of Regents v. Roth* (1972), 408 U.S. 564, 33 L. Ed. 2d 598, 92 S. Ct. 2701, with section 6.1 of the Liquor Control Act of 1934 (Ill. Rev.

Stat. 1985, ch. 43, par. 119), which, together, clearly indicate that, under Illinois law, a license is not a property right. *Roth* held that the decision of whether a license is property for purposes of the fourteenth amendment due process clause depends on State law. Section 6.1 of the Illinois Liquor Control Act provides: "A license shall be purely a personal privilege, good for not to exceed one year after issuance, \*\*\*, and shall not constitute property \*\*\*."

Although the *Reed* court acknowledged that the obvious conclusion from the juxtaposition of *Roth* and section 6.1 "may seem inescapable that these plaintiffs had no Fourteen Amendment property right in their liquor license," the *Reed* court found that it could escape this conclusion by "look[ing] behind labels \*\*\*, and decid[ing] whether the plaintiffs' license was 'property' in a functional sense," *i.e.*, whether a "liquor license is securely and durably the licensee's." (*Reed v. Village of Shorewood* (7th Cir. 1983), 704 F.2d 943, 948.) The court concluded that because the license could be revoked only for cause after notice and hearing, and was subject to judicial review, it was "securely held," and, thus, was property. In our view, the *Reed* court's conclusion directly contradicts controlling Illinois law, and we decline to follow it as precedent.

In the second case relied upon by plaintiff, *City of Wyoming v. Illinois Liquor Control Com.* (1977), 48 Ill. App. 3d 404, 362 N.E.2d 1080, a grocery store located in Wyoming, Illinois, had been issued a license by the city to sell beer and wine in its store. The license period ran from May 1, 1973, through April 30, 1974. At the end of the first year, the city issued a renewal license to the store for the period from May 1, 1974, through April 30, 1975. Following the issuance of the renewal license, the city attorney advised the city council that the license was invalid because there had never been an ordinance providing for its issuance. As a result, the city refused to issue a second renewal license to the grocery store for the 1975-76 licensing period. No notice, formal hearing, written charges, order of revocation, suspension or refusal to renew the license preceded the city's refusal to issue the renewal license.

Subsequently, the cause was heard by the Illinois Liquor Control Commission, which addressed the sole issue of whether the city was estopped from denying the existence of a valid ordinance. Finding that the evidence did not support the refusal to renew, the Commission ordered the city to issue the license. The circuit court reversed the Commission's order, finding that, under the ordinance, the local liquor control commissioner never had had any power to issue a license.

On appeal, the reviewing court held that the city was estopped from denying the validity or the existence of an amendment to the city's liquor ordinance which created the authority to issue a liquor license to the grocery store. In addition, the reviewing court held that the city's refusal to issue a renewal license constituted a "revocation" and, thus, pursuant to section 5 of the Liquor Control Act of 1934 (Ill. Rev. Stat. 1975, ch. 43, par. 149), notice and a hearing were required. In reaching this conclusion, the court expressly noted that although statutory requirements mandate that notice be given and a hearing be held prior to revocation of a license, "procedural due process does not require proper notice and a hearing for the nonrenewal of a liquor license because a liquor license is not a property right." *City of Wyoming v. Illinois Liquor Control Com.* (1977), 48 Ill. App. 3d 404, 408, 362 N.E.2d 1080.

In reliance on *City of Wyoming*, plaintiff argues that the amendment eliminating extended-hour licenses constituted an indirect revocation of its class "A-1" license which required notice and a hearing. However, plaintiff does not make this allegation in the context of an argument alleging violation of statutory requirements as in *City of Wyoming*. Instead, plaintiff raises the indirect revocation argument as support for its claim that its procedural due process rights were violated. This is in direct contradiction to the *City of Wyoming* court's recognition of established precedent stating that due process does not require proper notice and a hearing for nonrenewal of a liquor license. Clearly, plaintiff's reliance on *City of Wyoming* is misplaced. Moreover, in *Bec-N-Call, Inc. v. Village of Steger* (1979), 75 Ill. App. 3d 957, 394 N.E.2d 728, the court distinguished the situation in *City of Wyoming* from one where an ordinance was amended to reduce business hours, as in the case at bar, and stated that governmental actions limiting business hours did not require notice and hearing under Illinois statutory law. The *Bec-N-Call* court further stated that such an amendment is valid "unless it denied a license to a person or class not specified in the [Liquor Control Act], sought to establish a new, parallel system of licensing, or was not reasonably necessary to effectuate the power granted to create regulations for the public good and convenience." (75 Ill. App. 3d 957, 960, 394 N.E.2d 728.) Plaintiff has not raised any of the above-stated exceptions to the validity of the amendment. In addition, we find *City of Wyoming* factually distinguishable from the present case on a pivotal point. Unlike the plaintiff in *City of Wyoming*, plaintiff at bar was not denied renewal of its liquor license, nor was its license revoked or suspended. Instead, plaintiff was issued a renewal license which merely showed a change in

class designation from "A-1" to "A" so as to comply with existing law at the time of renewal.[2]

 Accordingly, pursuant to established Illinois precedent, we find that plaintiff's class "A-1" liquor license did not constitute a property right subject to due process protections and that the trial court properly granted defendants' motion to dismiss for failure to state a cause of action. For the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

QUINLAN, P.J., and BUCKLEY, J., concur.

---

[2]We further note that the original class "A-1" license which had been issued to plaintiff in April 1984 specifically stated on its face that it was "subject to the provisions of all Ordinances now in force and that may hereafter be passed by said City." Thus, plaintiff accepted the license with express knowledge that the terms of the license were subject to change in the event the applicable laws were amended.