THE COUNTY OF COOK, Plaintiff, v. DONALD KONTOS *et al.*, Defendants and Third-Party Plaintiffs-Appellants (Pagni Industrial Corporation *et al.*, Third-Party Defendants-Appellees).

First District (1st Division)   No. 1—89—2521

Opinion filed December 10, 1990.

Bradtke & Zimmerman, of Mt. Prospect (John J. Zimmermann, of counsel), for appellants.

Samelson, Knickerbocker & Payne, of Des Plaines (George B. Knickerbocker, of counsel), for appellee Village of Elk Grove Village.

JUSTICE O'CONNOR delivered the opinion of the court:

Donald Kontos, Where Else Lounge, Inc., Lawrence Garlisch and Roselle State Bank, as trustee (defendants), appeal from a court order that denied and dismissed their rule to show cause.

On December 11, 1980, the County of Cook filed suit against the defendants alleging a malfunctioning septic system on the defendants' property (the subject property). Subsequently, defendants filed a third-party complaint against the Village of Elk Grove (the Village) and other parties, directing the Village to permit the defendants to connect into its sewer system. After negotiations, the trial court entered an agreed order on June 17, 1983, which stated, in pertinent part, that: (1) the Village would annex the subject property to the Village; (2) immediately "upon annexation of the subject property, the Village would create an additional late hour liquor license for pouring (Class AA)" and issue it to the defendants upon recording the plat of annexation "with the understanding that the pouring license would be allowed until 4 a.m. on each day except Saturday and Sunday, upon

which Saturday and Sunday of each week the license will allow pouring of liquor until 5 a.m."; and (3) within one year of the foregoing, the defendants would install or cause to be installed sewer and water lines which would be connected to the Village's water and sewer systems. Pursuant to the agreed order, the Village annexed the subject property and issued a Class AA liquor license to the defendants.

On June 27, 1989, the Village amended its ordinance which regulates the hours of liquor license establishments. On July 18, 1989, the Village sent the defendants notice regarding the amended liquor license ordinance. The amended ordinance reduced Class AA liquor license operating hours from 4 a.m to 2 a.m. on weekdays, and from 5 a.m. to 3 a.m. on weekends.

After the Village denied defendants' numerous requests to exempt the defendants from the amended ordinance, which would have given them a right to remain open two hours later than other Class AA license holders, the defendants filed a petition for rule to show cause for the Village's alleged violation of the agreed order. The defendants sought to hold the Village in contempt of court and enjoin the Village from enforcing the amended ordinance affecting Class AA liquor licenses. Subsequently, the Village filed its response to defendants' petition. After a hearing on the petition for rule to show cause, the trial court denied defendants' petition. Defendants appeal.

For the reasons set forth below, we affirm the trial court's order denying defendants' petition for rule to show cause.

■■ Defendants argue that the pouring hours specified in the agreed order are binding between the defendants and the Village. The logical conclusion of their argument is that the hours specified in the agreed order should be perpetually binding upon the parties. We disagree. The agreed order contained language setting forth the terms whereby the defendants would annex to the Village, and the Village would give the defendants a Class AA liquor license. The record reflects that the defendants were given a Class AA license that enabled them to operate until 4 a.m on weekdays and until 5 a.m. on weekends. The agreed order, however, did not require the Village to renew the defendants' license with or without the hours specified in the agreed order, nor did the agreed order guarantee the defendants perpetual and limitless rights to the Class AA license. Moreover, neither the trial court that approved the agreed order nor the Village was empowered to consent to perpetual rights regarding liquor licenses because section 5—2 of the Liquor Control Act of 1934 (Ill. Rev. Stat. 1985, ch. 43, par. 117) provides that such licenses are only valid for a one-year maximum.

Similarly, in *Maywood-Proviso State Bank v. City of Oakbrook Terrace* (1966), 67 Ill. App. 2d 280, 214 N.E.2d 582, liquor licensee plaintiffs, who were owners of certain real estate, argued that a city ordinance that prohibited the sale of alcoholic beverages after 1 a.m. on weekdays and after 2 a.m. on weekends and legal holidays violated a preannexation agreement entered into between the city and plaintiffs' predecessors. The *Maywood-Proviso* plaintiffs contended that the preannexation agreement provided that any liquor license granted to owners of the certain real estate would permit serving of liquor until 3 a.m. on weekdays, and until 4 a.m. on weekends and legal holidays. The *Maywood-Proviso* court held that the agreement's provisions regarding perpetual rights to a designated premises' liquor license were void because the city did not have the power or authority to contract, in effect, for the issuance of a liquor license to a particular location beyond the period of one year when the Liquor Control Act of 1934 (the Act) (Ill. Rev. Stat. 1985, ch. 43, par. 93.9 *et seq.*) declared that such licenses were valid for a one-year maximum. *Maywood-Proviso State Bank*, 67 Ill. App. 2d at 288.

■ Furthermore, we are not persuaded by the defendants' contention that they have a property right to operate their tavern in accordance with the hours set forth in the agreed order because the renewal of a liquor license is a privilege and may not be construed as a vested right (Ill. Rev. Stat. 1985, ch. 43, par. 119; *Two Kats, Inc. v. Village of Chicago Ridge* (1986), 147 Ill. App. 3d 440, 444, 497 N.E.2d 1314), and because the Village did not have the power or authority to contract, in effect, for the issuance of a liquor license to a particular location beyond the period of one year (Ill. Rev. Stat. 1985, ch. 43, par. 117; *Maywood-Proviso State Bank*, 67 Ill. App. 2d at 288). The right to deal in intoxicating liquors is not an inherent or alienable right or a property right or a contract right or a vested right. (*Maywood-Proviso*, 67 Ill. App. 2d at 290.) "Such license constitutes a personal privilege to pursue a business peculiarly subject to police regulation and control." *Maywood-Proviso*, 67 Ill. App. 2d at 290.

■■ ■ It is well settled that the State may delegate to municipalities its power to license, regulate or prohibit traffic in intoxicating liquors. (*Two Kats, Inc.*, 147 Ill. App. 3d at 443, citing *Maywood-Proviso State Bank*, 67 Ill. App. 2d at 286.) The Act gives the Village the authority to regulate tavern hours. The Act provides, in pertinent part, that "[i]n every city, village or incorporated town, the city council or president and board of trustees *** shall have the power *** to determine the number, kind and classification of licenses, for sale at retail of alcoholic liquor *** and to establish such further regulations

and restrictions upon the issuance of and operations under local licenses not inconsistent with law as the public good and convenience may require." (Ill. Rev. Stat. 1985, ch. 43, par. 110.) The Act further provides that a municipality may "restrict the permissible hours for the sale of alcoholic liquors under such licenses in its political subdivision as the public good and convenience may require." (Ill. Rev. Stat. 1985, ch. 43, par. 129.) Therefore, under State law the Village was empowered to establish liquor license regulations and restrictions which have any substantial relation to the public health, comfort, safety or welfare because "the business of selling liquor is closely related to certain evils in society." (*Daley v. Berzanskis* (1971), 47 Ill. 2d 395, 398, 269 N.E.2d 716, *cert. denied* (1971), 402 U.S. 999, 29 L. Ed. 2d 166, 91 S. Ct. 2173.) The Village may have reasonably concluded that earlier closing hours for all Class AA liquor licenses would reduce the likelihood of disorderliness, disturbances and drunk driving, thereby affording a greater degree of protection to its residents. Moreover, the legislative judgment regarding what the public welfare requires is not open to judicial dispute so long as that judgment is not exercised in such an arbitrary, oppressive and unreasonable manner as to constitute a deprivation of due process. (*Miller v. Illinois Liquor Control Comm'n* (1969), 44 Ill. 2d 155, 158, 254 N.E.2d 502.) The Village's legislation does not deprive the defendants of due process because the defendants did not have a vested right to serve alcoholic beverages in accordance with the hours specified in the agreed order, and because the Village's legislation applies uniformly to all Class AA licensees.

Accordingly, we find that the Village did not violate the agreed order because a Class AA license was initially granted, which permitted the hours of operation as provided in the agreed order during the initial period in which such license was in effect (and for several renewals thereafter); that the Village did not agree nor was it empowered to agree to perpetual license rights; and that the Village had the authority to amend the ordinance that regulates and restricts liquor licenses for the public's welfare.

For the reasons set forth above, the trial court's order is affirmed.

Judgment affirmed.

CAMPBELL and MANNING, JJ., concur.