# The People of the State of Illinois ex rel. John Meier et al., Appellees, v. George Jenner et al., Appellants.

1. ELECTIONS, § 168*—*when courts have jurisdiction of contest.* A proceeding to contest an election is purely statutory, and in the absence of a statute conferring jurisdiction, the courts are without power to entertain a proceeding of that kind.

2. INTOXICATING LIQUORS, § 10*—*jurisdictional character of verification of petition for certiorari to contest election.* The proper verification of a petition for certiorari to contest an election under section 19 of the Anti-Saloon Territory Act (J. & A. ¶ 4655) is jurisdictional.

3. INTOXICATING LIQUORS, § 10*—*jurisdictional character of bond for costs of election contest.* The filing of a proper bond for costs as a condition precedent to filing a petition for certiorari to contest an election, under section 19 of the Anti-Saloon Territory Act (J. & A. ¶ 4655), is jurisdictional.

4. INTOXICATING LIQUORS, § 10*—*when security for costs of election contest does not comply with statute.* The security for costs provided for by section 1 of the Costs Act (J. & A. ¶ 2715) is not a bond for costs, as a bond must be under seal; and hence the filing of a security for costs without a seal was not a compliance with section 19 of the Anti-Saloon Territory Act (J. & A. ¶ 4655), requiring the filing of a bond for costs as a condition precedent to the filing of a petition to contest an election.

5. INTOXICATING LIQUORS, § 10*—*when verification of petition in election contest is insufficient.* An affidavit to a petition for certiorari to contest an election, stating that the matters and things in the petition stated were true except as to such matters as were therein stated to be on information and belief and as to such affiants believed them to be true, did not constitute the positive verification of the petition required by section 19 of the Anti-Saloon Territory Act (J. & A. ¶ 4655).

Appeal from the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 29, 1919. *Certiorari* denied by Supreme Court (making opinion final).

A. M. FITZGERALD, HUGH HUNTER and ADOLPH BERNARD, for appellants.

SMITH & LINCOLN and BEACH & TRAPP, for appellees.

MR. JUSTICE WAGGONER delivered the opinion of the court.

The appellees filed a petition for certiorari in the Circuit Court of Logan county to quash the record of the judgment of the County Court of Logan county, entered in a proceeding to contest a local option election. The Circuit Court took jurisdiction of the case and quashed the record of the County Court. This appeal is from the judgment of the Circuit Court.

The proposition "Shall this town become anti-saloon territory?" was submitted to the voters of Mount Pulaski at the election held April 2, 1918. The town voted dry by a majority of 272. On April 12, 1918, the appellants filed a petition in the County Court to contest the validity of said election. It is alleged in the petition for certiorari that the petition filed by appellants in the County Court was not a *verified* petition, nor was any bond for cost filed with it.

The purpose of the common-law writ of certiorari is to bring before the court granting the writ the record of the inferior court for inspection, and the only questions that can be determined are, did the inferior court have jurisdiction to act, and in acting did it exceed its jurisdiction or fail to proceed according to the essential requirements of law, and on the return of the writ being made by filing the record the trial is had on the record alone. *Joyce v. City of Chicago*, 216 Ill. 466 (469).

A proceeding to contest an election is purely statutory, and in the absence of a statute conferring jurisdiction, the courts are without power to entertain a proceeding of that kind. *Shirar v. Elbridge Township*, 249 Ill. 617 (618). The jurisdiction of the County

Court, in election matters, is derived from the statute, and in its exercise the court is an inferior court of limited jurisdiction. *People v. McWeeney,* 259 Ill. 161 (170).

Section 19 (J. & A. ¶ 4655) of the Anti-Saloon Territory Act provides: "Any five legal voters of any political subdivision in which an election shall have been held as provided for in this act, may, within ten days after the canvass of the returns of such election and upon filing a bond for costs, contest the validity of such election by filing a verified petition in the County Court of the county in which such political subdivision .is situated, setting forth the grounds for the contest."

By the plain provisions of section 19, a verified petition is required. If the petition was not verified, then the County Court did not acquire jurisdiction. *Daugherty v. Carnine,* 261 Ill. 366. Section 19 also plainly requires a bond for costs, as a condition precedent to filing a petition, and unless such a bond was filed, the County Court did not acquire jurisdiction. *Saylor v. Duel,* 236 Ill. 429 (436); *Cockrell v. Rush,* 149 Ill. App. 467. In this case the affidavit, attached to the petition, stated that the matters and things therein stated are true except as to such matters and things as are therein stated to be alleged upon information and belief, and as to such they believe them to be true. The appellants rely upon the case of *Farrell v. Heiberg,* 262 Ill. 407 (410). The statute then under consideration required that the petition "shall be verified by affidavit in the same manner as bills in chancery may be verified." Section 19 requires the filing of a "verified petition." We think the rule announced in *King v. Haines,* 23 Ill. 340 (341), is applicable, and the petition must be positively verified. A verification, on information and belief, is not sufficient.

George Jenner, one of the persons filing the petition

to contest the election, also signed and filed an instrument substantially in the form provided by section 1 of the Costs Act (J. & A. ¶ 2715). Such an instrument is termed by the Costs Act "security for costs." It is not a bond for costs, as a bond must be under seal. *Chilton v. People,* 66 Ill. 501 (503).

The County Court was without jurisdiction for the reason that the petition was not verified positively and no bond for costs was filed as is required by the statute. It therefore follows that the Circuit Court did not err in quashing the record.

Judgment affirmed.

*Affirmed.*