MELVIN SCHULTZ *et al.*, Plaintiffs-Appellants, *v.* JOHN C. MARCIN, City Clerk, *et al.*, Defendants-Appellees.

(No. 56048; )

First District—October 19, 1972.

*Rehearing denied November 9, 1972.*

William E. Elston, Jr., of Chicago, for appellants.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Marsile J. Hughes, Assistant Corporation Counsel, of counsel,) for appellees.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

Plaintiffs appeal from the order of the circuit court of Cook County dismissing their complaint to contest a local option election for lack of jurisdiction. Plaintiffs contend that the alleged irregularities in the proposition petitions are sufficient to confer jurisdiction on the trial court to determine the validity of the election, notwithstanding the fact that the statutory period for contesting the validity of the proposition petitions and the statutory period for contesting the validity of the election had both run.

We affirm.

On November 3, 1970, a local option election was held in the 47th

Precinct of the 8th Ward in the City of Chicago, in which a majority of voters voted in favor of prohibiting the retail sale of liquor in the precinct. Prior to the election a petition was filed requesting that the proposition be submitted to the voters of the precinct as required by section 2 of the Illinois Liquor Control Act. (Ill. Rev. Stat. 1969, ch. 43, par. 167.) The results of the election were proclaimed on November 23, 1970, after a canvas of the returns. On December 21, 1970, plaintiffs filed their two-count complaint to contest the validity of the election. Count I alleged irregularities which occurred on and after election day concerning, among other things, the manner of balloting and the counting of votes. Count II alleged irregularities in the proposition petitions.

Section 17 of the Liquor Control Act (Ill. Rev. Stat. 1971, ch. 43, par. 182), provides in part as follows:

> "Any five legal voters of any political subdivision or precinct in which an election has been held as provided for in this Act, may *within 10 days after the canvass of the returns of such election* and upon filing a bond for costs, contest the validity of such election by filing a verified petition in the Circuit Court for the county in which such political subdivision or precinct is situated, setting forth the grounds for the contest." (Emphasis added.)

The canvass of returns of this election was completed on November 22, 1970. The plaintiffs failed to comply with the statutory time requirement for contesting the validity of the option election and filed their complaint on December 21, 1970, clearly more than ten days after the canvass of returns was completed.

In spite of failing to meet this statutory requirement, plaintiffs argue that the alleged irregularities in the proposition petitions, as set forth in Count II of their complaint, are sufficient to confer jurisdiction on the trial court to determine the validity of the election. Plaintiffs' argument runs counter to the statutory requirement of contesting the validity of the proposition petitions prior to the election. Section 4 of the Liquor Control Act (Ill. Rev. Stat. 1971, ch. 43, par. 169), provides in part as follows:

> "Any five legal voters of any political subdivision, district or precinct in which a proposed election is about to be held as provided for in this Act, within any time *up to 30 days immediately prior to the date of such proposed election* and upon filing a bond for costs, may contest the validity of the petitions for such election by filing a verified petition in the Circuit Court for the county in which the political subdivision, district or precinct is situated, setting forth the grounds for contesting the validity of such petitions." (Emphasis added.)

■■ In *Havlik v. Marcin* (1971) 132 Ill.App.2d 532, 270 N.E.2d 189 the Court affirmed the dismissal of plaintiffs' timely complaint to contest the validity of an option election where the challenge went to the validity of the proposition petition. Although the proposition petition is the jurisdictional basis of the election (*People ex rel. Mayes v. Wanek* (1909), 241 Ill. 529, 89 N.E. 708), the Court found the legislative purpose clear and logical in permitting a challenge to the proposition petition prior to the election only. See also, *Zelinka v. City of Chicago*, Ill.App.Ct. No. 55993, filed Oct. 5, 1972.

■■ It was proper for the trial court to dismiss Count I of plaintiffs' complaint since the complaint was not filed within ten days after the canvass of results was completed. It was also proper for the trial court to dismiss Count II of plaintiffs' complaint since plaintiffs did not file a petition contesting the validity of the proposition petitions. Therefore, it is incongruous to argue that if plaintiffs failed to lodge a timely challenge to the proposition petitions, their tardiness would be rewarded by allowing them to allege irregularities in these petitions as a jurisdictional basis for contesting the validity of the election, even though the time for contesting the validity of the election had run.

Accordingly, the decision of the circuit court is affirmed.

Judgment affirmed.

DEMPSEY and McNAMARA, JJ., concur.