JOHN CARPENTER, JR., *et al.*, Plaintiffs-Appellants, v. WALTER S. KO-
ZUBOWSKI, City Clerk of Chicago, *et al.*, Defendants-Appellees.

First District (5th Division)   No. 85—0552

Opinion filed June 5, 1987.

128

William J. Cooley and James W. Cockrell, both of Chicago, for appellants.

Michael Levinson, of Chicago, for appellee Board of Election Commissioners of the city of Chicago.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs brought this action to contest a local option election which resulted in the prohibition of the retail sale of liquor in their precinct. The complaint, filed within 30 days after the results of the election were determined, alleged the invalidity of the petitions placing the question on the ballot. The complaint also alleged that the vote count was inaccurate because ballots from plaintiffs' precinct were commingled with another precinct's ballots before the votes were counted. On defendants' motion, the trial court dismissed the subject action for want of jurisdiction on the basis that plaintiffs had failed to file their complaint within the 10-day statutory period provided by the Illinois Liquor Control Act (Ill. Rev. Stat. 1983, ch. 43, par. 182). Plaintiffs appeal from this order contending that: (1) the question of jurisdiction should have been determined by the provisions of section 23—24 of the Illinois Election Code (Ill. Rev. Stat. 1983, ch. 46, par. 23—24) rather than the Illinois Liquor Control Act; (2) the 10-day limitation period in which to challenge the validity of such an election is unconstitutional as it bears directly on the citizens' right to vote; and (3) even if plaintiffs missed a statutory deadline, this court should extend that deadline in the exercise of our discretion.

We reverse the order of dismissal insofar as it applied to that portion of the complaint challenging the vote count, and we remand this cause to the circuit court for further proceedings.

In November 1984, a local option election was held in the 17th precinct of the 21st ward of the city of Chicago to determine whether the retail sale of liquor within the precinct should be banned. The official results of the election disclosed that a majority of the residents had voted in favor of the proposed prohibition.

Within 30 days after the results were announced, plaintiffs, a group of registered voters and residents of the 17th precinct, filed a verified complaint against the clerk of the city of Chicago and the board of election commissioners, defendants in these proceedings, claiming that (1) the issue raised by the local option question was improperly on the ballot because the petitions gathered prior to the election were not in proper form; and (2) the unlawful commingling of ballots from voters of the 17th precinct prevented an accurate count

of the results of the election.

Defendants moved to dismiss plaintiffs' complaint on jurisdiction grounds, alleging that plaintiffs had failed to properly file their complaint within the time required by the Illinois Liquor Control Act (Ill. Rev. Stat. 1983, ch. 43, par. 182). Under that statute, a party seeking to contest the validity of an election must file his complaint within 10 days of the official canvass. In response to defendants' motion, plaintiffs argued that the question of jurisdiction should be resolved pursuant to section 23—24 of the Illinois Election Code (Ill. Rev. Stat. 1983, ch. 46, par. 23—24). That section allows a complainant contesting the results of an election concerning a question of public policy to file his petition within 30 days of the official canvass.

Following a brief hearing on the matter the trial court granted defendants their motion and thereby dismissed the entire complaint. Plaintiffs filed a motion to appeal after their motions for leave to amend their complaint, for reconsideration, and for a stay of enforcement of the dismissal order were all denied.

OPINION

The primary issue presented to us by this appeal is the applicability of the jurisdictional requirements of section 23—24 of the Illinois Election Code (Ill. Rev. Stat. 1983, ch. 46, par. 23—24) and section 9—19 of the Illinois Liquor Control Act (Ill. Rev. Stat. 1983, ch. 43, par. 182).

Section 23—24 of the Illinois Election Code (Ill. Rev. Stat. 1983, ch. 46, par. 23—24) states in relevant part:

"In the case of *** all questions of public policy submitted to the voters of any political subdivision or district, any 5 electors *** of the political subdivision or district, respectively, may *contest the results* of any such election by filing a written statement in the circuit court within *30 days* after the result of the election shall have been determined, in like form as in other cases of contested elections in the circuit court ***." (Emphasis added.)

Section 9—19 of the Illinois Liquor Control Act (Ill. Rev. Stat. 1983, ch. 43, par. 182) states in pertinent part:

"Any 5 legal voters of any political subdivision or precinct in which an election has been held as provided for in this Act, may within *10 days* after the canvass of the returns of such election and upon filing a bond for costs, *contest the validity* of such election by filing a verified petition in the Circuit Court for the county in which such political subdivision or precinct is

situated, setting forth the grounds for the contest ***." (Emphasis added.)

In this cause the plaintiffs filed a verified complaint alleging, among other things, that the issue raised by the local option question should not have been on the ballot because the petitions for submission of the question misidentified two of the three retail liquor licensees targeted to be affected by the proposed ban and also substantially failed to comply with statutory attestation and verification requirements essential to their legal validity, thus rendering them void. The complaint also alleged that the precinct's judges of election caused an improper commingling of ballots with those of another precinct in the following manner: as voters from the 16th and 17th precincts prepared to cast their ballots at the same location on different referendum questions, the election judges instructed some of them to use the other precinct's voting machines, which failed to include the local option question corresponding to their respective precincts, and to deposit those improperly marked ballots in the box set aside for their precinct.

■ The charges set forth by plaintiffs in the instant case concern two separate types of irregularities: those pertaining to petitions and thus to the validity of the election, and those pertaining to the ballot count and thus to the election result. We agree with plaintiffs that a challenge to the validity of an election is separate and distinct from a challenge to the result of an election. In *Village of Hinsdale v. County Court* (1935), 281 Ill. App. 571, 583, the Illinois Supreme Court stated:

"In a contest of the validity of an election the ultimate issue is whether or not the election was valid or invalid, irrespective of the result of the votes cast. A contest of the results of an election assumes that there has been a valid election, but that for various reasons the legal ballots cast were improperly counted or that the result reached by the canvassing board was erroneous."

See also *Mayes v. City of Albion* (1940), 374 Ill. 605, 30 N.E.2d 416.

■ That the legislature enacted section 23—24 of the Illinois Election Code with a purpose distinct from that of section 9—19 of the Illinois Liquor Control Act is evident from the language and provisions set forth in those two statutes. Section 9—19 provides for a 10-day period in which the validity of an election may be challenged. Section 23—24 grants a longer 30-day period for challenging election results. Had the legislature contemplated that both statutes would govern the same jurisdiction, it would not have seen the need to dis-

tinguish between contests of the "validity" and "results" of an election or to provide for different contest periods within which to challenge the same.

Indeed, a closer look at the types of challenge involved in the two statutes explains why different contest periods are necessary in each instance. Whereas the evidence required to be produced in a contest involving the validity of an election is often either readily available or a matter of public record, the evidence that must be gathered and identified in a challenge to the results of an election is more complex in nature. For one, improper election conduct of the sort alleged in a result contest is often concealed. Arguably, a longer period of time would be required to gather sufficient evidence to prove fraud than to show that the election was conducted on the wrong date, within the wrong jurisdiction, or in violation of a court order. While the latter three circumstances could easily be decided as a matter of law, supported by stipulated facts, an allegation of fraud would require a specific factual basis. Recognizing the need for a longer period in which to prove fraudulent conduct affecting election results, the legislature decided to provide for a more extensive period of time in which a party could file his complaint.

We find the cases relied upon by defendants not to be controlling of the jurisdictional issue, as they are factually distinguishable from the present facts. Unlike plaintiffs in the instant case, complainants in *Liquor Hut, Inc. v. Marcin* (1980), 84 Ill. App. 3d 718, 406 N.E.2d 139, *Schultz v. Marcin* (1972), 8 Ill. App. 3d 91, 289 N.E.2d 286, and *Havlik v. Marcin* (1971), 132 Ill. App. 2d 532, 270 N.E.2d 189, not only attacked the validity of their elections and were therefore subject to the 10-day contest period, but also in two of those cases, petitioners, having filed beyond the 30-day period, were precluded from otherwise qualifying under the provisions of the Illinois Election Code.

■ Plaintiffs here filed a complaint which, *inter alia*, charged that conduct on the part of the election judges caused the election results to be altered. Moreover, the election, conducted to ascertain the electors' wishes regarding the prohibition of the retail sale of liquor within their precinct, undeniably involved a question of public policy, defined by statute as any electoral question not pertaining to the nomination or election of candidates. (Ill. Rev. Stat. 1983, ch. 46, par. 1—3(12).) It has been firmly established that section 23—24 of the Illinois Election Code pertains to contests of results of public referenda on proposed questions of public policy. (*Coalition for Political Honesty v. State Board of Elections* (1976), 65 Ill. 2d 453, 359 N.E.2d 138.) The Illinois Election Code being the controlling statute and the

complaint having been filed within the prescribed 30-day period the trial court in the instant case had jurisdiction to entertain plaintiffs' complaint as it related to election results. Accordingly, those counts of plaintiffs' complaint relating to election results were wrongly dismissed by the trial court on the basis of jurisdiction.

■ It is equally clear, however, that the circuit court properly dismissed those portions of the plaintiffs' complaint relating to a challenge of the petitions, and thus the election itself. Section 9—19 of the Liquor Control Act (Ill. Rev. Stat. 1983, ch. 43, par. 182) requires that such challenges be brought within 10 days of the election canvass, a deadline which plaintiffs concede they missed.

We find no merit to plaintiffs' contention that this limitation violates the equal protection clause by imposing a greater burden on those seeking to challenge a local option election. Implicit in the legislature's creation of these local option procedures is the determination that the general welfare and safety of a precinct would be enhanced by the prohibition of liquor sales. (*Malito v. Marcin* (1973), 14 Ill. App. 3d 658, 303 N.E.2d 262.) We are not inclined to challenge the legislature's concomitant determination that challenges to the validity of such an election be brought sooner than challenges to other elections.

We also find no merit to the plaintiffs' contention that we should exercise our discretion by extending the filing time for this challenge despite the applicability of the statutory 10-day limitation period. Counsel has provided no authority for such an exercise of our authority, nor are we aware of any such authority.

Accordingly, for the reasons set forth in this opinion, we affirm the order of the circuit court insofar as it dismissed those portions of the plaintiffs' complaint challenging the validity of the petitions in support of the election at issue. We reverse the order of dismissal insofar as it pertained to the plaintiffs' challenge of the results of the election, and we remand this cause for further proceedings.

Affirmed in part, and reversed and remanded in part.

SULLIVAN, P.J., and MURRAY, J., concur.