AL CURTIS ROSS, d/b/a Ross Liquors, Plaintiff-Appellant, v. WALTER S. KOZUBOWSKI, City Clerk of the City of Chicago, *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—87—1764

Opinion filed April 20, 1989.

Clarence L. Burch, of Burch & Delgado, of Chicago, for appellant.

Michael Levinson, of Board of Election Commissioners, and Judson H. Miner, Corporation Counsel, both of Chicago, for appellees.

JUSTICE McMORROW delivered the opinion of the court:

Plaintiff, Al Curtis Ross, d/b/a Ross Liquors, appeals from the orders of the trial court dismissing his "petition to void [a] local referendum" and denying his motion for leave to file an amended petition. We affirm.

Plaintiff is the owner and proprietor of Ross Liquors, a retail liquor business located in the 36th precinct of the 5th ward in Chicago. It is undisputed that in December 1986 and January 1987, defendants Geraldine Harris, Albert Welles, Ethel Welles and Charles Taylor circulated copies of a petition within the 36th precinct requesting to have placed on the ballot of the April 7, 1987, election the following local liquor option proposition:

"Shall the sale at retail of alcoholic liquor be prohibited in this 36th Precinct of the 5th Ward of the City of Chicago?"

On January 7, 1987, defendant, Walter S. Kozubowski (the city clerk) certified to the defendant board of election commissioners (the board) that a petition consisting of 19 sheets purporting to be signed by at least 25% of the legal voters of the 36th precinct had been filed with his office on that date requesting that the above-quoted proposition be submitted to the voters of the 36th precinct in the April 7 election. Notice of the election was given by publication. According to the statement of official results, the proposition was passed by a 59% majority of the voters who voted in the election.

On May 7, 1987, plaintiff filed his four-count petition to void the referendum (the complaint). In counts I and II, respectively, plaintiff alleged that the liquor option petition contained an incorrect spelling of his name and misrepresented to the voters that there were two liquor licensees in the precinct when, in fact, he was the only such licensee. Count III alleged fraud and electioneering in favor of the proposition by defendant Geraldine Harris, who worked as an election judge in the 36th precinct polling place on the day of the election. In count IV, plaintiff alleged that due process required that he receive actual notice of the election and that section 9—5 of the Liquor Control Act of 1934 (the Act) (Ill. Rev. Stat. 1985, ch. 43, par. 170), providing for notice by publication only, is unconstitutional. In each count of the complaint, plaintiff requested that the liquor option election be declared null and void. He also sought a temporary restraining order

and a temporary and permanent injunction enjoining enforcement of the election results.

Following a hearing on May 18, 1987, the trial court granted defendants' motion to dismiss. The court found (1) that counts I and II were not filed within the time prescribed by the Act (Ill. Rev. Stat. 1985, ch. 43, par. 169); (2) that, irrespective of the court's findings with respect to the timeliness of counts I and II, the liquor licensee information contained in the petition was in substantial compliance with the law; (3) that, as a matter of law, the allegations of count III were too general to state a cause of action to set aside the election results; (4) that plaintiff lacked standing to contest the liquor option election; and (5) that plaintiff was not entitled to actual notice of the election. The trial court granted plaintiff leave to file a motion to amend the complaint to incorporate section 23—24 of the Election Code (Ill. Rev. Stat. 1985, ch. 46, par. 23—24), but denied him leave to add electors of the 36th precinct as additional petitioners and dismissed the City of Chicago and the city clerk as defendants.

Following a hearing on June 3, 1987, the trial court denied plaintiff's motion for reconsideration. The court entered an order upholding the order of May 18 and denied plaintiff's motion to amend his complaint on the ground that it lacked jurisdiction to permit the filing of an amendment after the expiration of the statutory time period. This appeal followed.

OPINION

■ We first note that although the issue was raised in his notice of appeal, plaintiff makes no argument in his brief as to the propriety of the dismissal of counts I and II of his complaint. As noted above, the trial court dismissed those counts on the dual grounds that the petition for submission of the liquor option proposition was in substantial compliance with the law and that, in any event, those counts were not timely filed in accordance with section 9—4 of the Act. That section provides in pertinent part:

> "Any five legal voters or any affected licensee of any *** precinct in which a proposed election is about to be held *** *within any time up to 30 days immediately prior to the date of such proposed election* *** may contest the validity of the petitions for such election by filing a verified petition in the Circuit Court *** setting forth the grounds for contesting the validity of such petitions." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 43, par. 169.)

The legislative purpose of this time requirement is to provide for a de-

termination of the validity of the petition before the labor and expense of the election and to prevent a challenger from gambling on the outcome of the election. (*Quarles v. Kozubowski* (1987), 154 Ill. App. 3d 325, 507 N.E.2d 103; *Ye Olde Shamrock, Ltd. v. Marcin* (1981), 95 Ill. App. 3d 953, 420 N.E.2d 434; *Liquor Hut, Inc. v. Marcin* (1980), 84 Ill. App. 3d 718, 406 N.E.2d 139; *Robertson v. Marcin* (1977), 50 Ill. App. 3d 390, 365 N.E.2d 709; *Schultz v. Marcin* (1972), 8 Ill. App. 3d 91, 289 N.E.2d 286; *Havlik v. Marcin* (1971), 132 Ill. App. 2d 532, 270 N.E.2d 189.) Inasmuch as plaintiff's complaint was not filed until 30 days after the election, it is clear that those counts challenging the validity of the petitions to place the liquor option proposition on the ballot were properly dismissed as being untimely filed.

Plaintiff has not, however, abandoned his contention that he was denied due process because he was not given actual notice of the election. He argued in the trial court that it is illogical to rule that he was obligated to contest the validity of the local option petition within 30 days prior to an election of which he had no actual notice. On appeal, plaintiff acknowledges that publication is the only form of notice called for by the Liquor Control Act (Ill. Rev. Stat. 1985, ch. 43, par. 170), and that Illinois courts have consistently held that actual notice is not required. He nevertheless posits that "[t]his case law must fall and give way to the Federal concept of procedural due process which requires that a person be personally served with process where a deprivation of his property rights is sought."

■ The fatal flaw in plaintiff's argument is its premise, *i.e.*, that the loss of a liquor license constitutes the deprivation of a constitutionally protected right. For more than 80 years, the courts of this State have rejected arguments similar to plaintiff's and have steadfastly held that a license to sell alcoholic beverages is not a right but, rather, a privilege, subject to regulation under the police powers of the State, and that, as such, it is not afforded due process protection. A reverse chronological review of Illinois case law so holding includes the following decisions: *Black Knight Restaurant, Inc. v. City of Oak Forest* (1987), 159 Ill. App. 3d 1016, 513 N.E.2d 109; *Two Kats, Inc. v. Village of Chicago Ridge* (1986), 147 Ill. App. 3d 440, 497 N.E.2d 1314; *Duncan v. Marcin* (1980), 82 Ill. App. 3d 963, 403 N.E.2d 653; *Huguley v. Marcin* (1976), 39 Ill. App. 3d 230, 349 N.E.2d 564; *Walker v. Marcin* (1974), 24 Ill. App. 3d 791, 321 N.E.2d 406; *Malito v. Marcin* (1973), 14 Ill. App. 3d 658, 303 N.E.2d 262; *People v. Smith* (1938), 368 Ill. 328, 14 N.E.2d 82; *O'Connor v. Rathje* (1938), 368 Ill. 83, 12 N.E.2d 878; *Great Atlantic & Pacific Tea Co. v. Mayor*

& Commissioners (1937), 367 Ill. 310, 11 N.E.2d 388; People v. Mc-Bride (1908), 234 Ill. 146, 84 N.E. 865.

■ Moreover, several of these decisions have specifically addressed and upheld the constitutionality of the Act, including the provision now codified as section 9—5. (See People v. McBride, 234 Ill. 146, 84 N.E. 865; People v. Smith, 368 Ill. 328, 14 N.E.2d 82; O'Connor v. Rathje, 368 Ill. 83, 12 N.E.2d 878; Huguley v. Marcin, 39 Ill. App. 3d 230, 349 N.E.2d 564; Malito v. Marcin, 14 Ill. App. 3d 658, 303 N.E.2d 262.) We decline to depart from an 80-year-old line of jurisprudence and therefore hold that plaintiff was not entitled to actual notice of the election and that the lack of actual notice did not constitute a denial of due process.

■ We turn then to plaintiff's correlative contentions that the trial court (1) erred in dismissing count III as being legally insufficient for lack of factual specificity and (2) abused its discretion in denying him leave to file an amended complaint. We consider first the sufficiency of the complaint before us.

Although the pleadings in an election contest suit need not strictly comply with the technical rules applicable to other civil actions (Cummings v. Marcin (1973), 16 Ill. App. 3d 18, 305 N.E.2d 606), they must allege specific facts which, if proved, would show that the irregularities complained of changed the results of the election or otherwise imposed a duty on the court to declare the election void (Zahray v. Emricson (1962), 25 Ill. 2d 121, 182 N.E.2d 756; Cummings v. Marcin, 16 Ill. App. 3d 18, 305 N.E.2d 606; Hall v. Marcin (1977), 49 Ill. App. 3d 528, 364 N.E.2d 549; Cooper v. Marcin (1976), 44 Ill. App. 3d 918, 358 N.E.2d 1218). In the absence of such allegations, the complaint "assumes the proportions of an exploratory process to which neither the courts nor our elected officials should be subjected." Zahray, 25 Ill. 2d at 125; Vanderbilt v. Marcin (1970), 127 Ill. App. 2d 192, 262 N.E.2d 42.

Plaintiff argues that count III contains sufficient factual allegations of fraud and electioneering to state a cause of action to contest the results of the election. We disagree.

Count III merely alleges that defendant Geraldine Harris was an election judge in the 36th precinct polling place; that "based on information and belief, Harris did solicit votes in favor of voting the precinct dry and engaged in electioneering at the polling place ***; [t]hat as a result of the fraud committed [in the circulation of the petitions, as alleged in counts I and II] and the soliciting of votes in favor of the proposition, the defendants violated the Illinois Constitution which provides [under article III, section 3, of the Illinois Constitution (Ill.

Const. 1970, art. III, §3)], that '[a]ll elections shall be free and equal.' "

It has been held that the provision in the Illinois Constitution relating to a free and equal election does not guarantee an election devoid of all error. The Constitution requires only "that each voter have the opportunity to cast his or her vote without any restraint and that his or her vote have the same influence as the vote of any other voter." *Goree v. Lavelle* (1988), 169 Ill. App. 3d 696, 699, 523 N.E.2d 1078, citing *People v. Deatherage* (1948), 401 Ill. 25, 81 N.E.2d 419.

The complaint before us does not allege any facts to support a conclusion that any irregularities occurred, the number of votes affected by those irregularities or that had any such irregularities not occurred, the result of the election would have been changed, *i.e.*, that the proposition would have been defeated. Count III consists only of conclusions and, thus, was not sufficient to state a cause of action to contest the results of the election on the basis of fraud. See *Goree v. Lavelle*, 169 Ill. App. 3d 696, 523 N.E.2d 1078; *Duncan v. Marcin* (1980), 82 Ill. App. 3d 963, 403 N.E.2d 653; *Cooper v. Marcin* (1976), 44 Ill. App. 3d 918, 358 N.E.2d 1218; *Cummings v. Marcin* (1973), 16 Ill. App. 3d 18, 305 N.E.2d 606; *Vanderbilt v. Marcin* (1970), 127 Ill. App. 2d 192, 262 N.E.2d 42.

Apart from the issue of the sufficiency of the complaint, however, is the question whether the trial court had jurisdiction to entertain it in the first instance. A proceeding to contest an election is a creature of statute and no right exists, except as provided by statute, to bring such an action. (*Young v. Mikva* (1977), 66 Ill. 2d 579, 363 N.E.2d 851.) Correspondingly, absent statutory authority, courts are without jurisdiction to hear or determine an action to contest an election. (*People v. Jenner* (1919), 214 Ill. App. 321.) An election contest must be brought in the designated forum, at the proper time, in the manner provided by statute and by the person or persons possessing the qualifications specified by statute. *Harding v. Albert* (1940), 373 Ill. 94, 25 N.E.2d 32.

Defendants argue, *inter alia,* that the trial court properly dismissed plaintiff's complaint because plaintiff lacked standing, under section 9—19 of the Liquor Control Act (Ill. Rev. Stat. 1985, ch. 43, par. 182), to challenge the election. Section 9—19 provides in pertinent part:

"Any *5 legal voters* of any *** precinct in which an election has been held as provided for in this Act, may *within 10 days after the canvass of the returns* of such election *** contest the *validity of such election* by filing a verified petition in the Cir-

cuit Court *** setting forth the grounds for the contest." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 43, par. 182.)

The statutory requirements of section 9—19 are jurisdictional (*People v. Jenner* (1919), 214 Ill. App. 321) and unless they are complied with, the trial court acquires no jurisdiction to hear or determine the cause (*Schultz v. Marcin* (1972), 8 Ill. App. 3d 91, 289 N.E.2d 286; *Village of Hinsdale v. Du Page County Court* (1935), 281 Ill. App. 571). As defendants point out, the complaint before us was not brought by five legal voters of the precinct and it was not filed within 10 days after the canvass of the results of the election. However, we are in agreement with that portion of plaintiff's argument that section 9—19 does not apply in the first instance because the complaint does not contest the validity of the election.

■ An action to contest the validity of an election is not the same as one to contest the results of an election. The difference was discussed in *Village of Hinsdale v. Du Page County Court* (1935), 281 Ill. App. 571, wherein the court explained that an action to contest the validity of an election questions the legality of the election itself, whereas an action contesting the results of an election charges irregularities which are alleged to have changed the outcome of it. Specifically, the court stated:

"In a contest of the validity of an election the ultimate issue is whether or not the election was valid or invalid, irrespective of the result of the votes cast. A contest of the results of an election assumes that there has been a valid election, but that for various reasons the legal ballots cast were improperly counted or that the result reached by the canvassing board was erroneous." 281· Ill. App. at 583.

Similarly, in *Carpenter v. Kozubowski* (1987), 157 Ill. App. 3d 127, 509 N.E.2d 1309, on which plaintiff relies, the court held that the trial court erroneously applied section 9—19 in ruling that it lacked jurisdiction to entertain the counts in plaintiffs' complaint alleging voting irregularities because they were not filed within the 10 days prescribed by that section. Quoting the passage from *Village of Hinsdale* set forth above, the *Carpenter* court stated that an action under section 9—19 does not relate to the results of an election but, rather, pertains to matters such as whether the election was conducted on the wrong date, in the wrong jurisdiction or in violation of a court order.

Count III of plaintiff's complaint does not question the legality of the election but, rather, alleges irregularities, *i.e.*, electioneering by defendant Geraldine Harris, in the voting process. Thus, section 9—19

is inapplicable to an action such as the one before us, which purports to challenge the results, as opposed to the validity, of the liquor option election at issue.

■■■ Whereas section 9—4 of the Liquor Control Act (Ill. Rev. Stat. 1985, ch. 43, par. 169) provides the procedures by which to contest the validity of the petitions for a local option referendum, and section 9—19 governs actions to contest the validity, or legality, of the election itself, the appropriate statutory provision under which to contest the results of a liquor option election is section 23—24 of the Election Code. That section provides in relevant part:

> "In the case of *** all questions of public policy submitted to the voters of any political subdivision or district, any *5 electors* *** of the political subdivision *** may contest *the results of any such election* by filing a written statement in the circuit court within 30 days after the result of the election shall have been determined, in like form as in other cases of contested elections in the circuit court ***." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 46, par. 23—24.)

Only the results of an election as determined by the returns or count of ballots, and not the validity of the election itself, may be contested under this paragraph pertaining to the contests of the results of public referenda. *Coalition for Political Honesty v. State Board of Elections* (1976), 65 Ill. 2d 453, 359 N.E.2d 138; *Goree v. Lavelle* (1988), 169 Ill. App. 3d 696, 523 N.E.2d 1078.

On May 18, 1987, the date of the hearing on plaintiff's complaint, plaintiff filed a motion to amend the complaint to incorporate section 23—24 of the Election Code. The trial court allowed him leave to file a motion to incorporate section 23—24 but denied him leave to add five voters of the 36th precinct as additional petitioners. However, at the hearing on defendant's motion for reconsideration, on June 3, 1987, the court denied plaintiff's motion on the ground that it had determined it lacked jurisdiction to allow any amendment because the statutory time period, whether 10 days under section 9—19 of the Act or 30 days under section 23—23 of the Code, had expired.

Plaintiff argues that, because the motion to amend was filed while the petition for reconsideration of the May 18 order of dismissal was pending, the court had jurisdiction to allow him to file an amended complaint. He further argues that the court abused its discretion in denying that motion.

■■■ ■ In this regard, we initially note that parties do not have an absolute right to amend pleadings; rather, the decision to allow amendments rests within the sound discretion of the trial court. (*Has-*

*siepen v. Marcin* (1974), 22 Ill. App. 3d 433, 318 N.E.2d 422.) As the court in *Village of Hinsdale v. Du Page County Court* (1935), 281 Ill. App. 571, stated:

> "The rule is *** that where a petition to contest an election is properly verified and filed within the time prescribed by the statute and it sets forth one or more sufficient grounds of contest, amendments to the petition may be allowed, even after the expiration of the time within which the original petition was required to be filed, but where the original petition *** does not set forth one or more sufficient grounds for contest, no amendments to the petition filed after the expiration of the time within which the original petition was required to be filed will confer jurisdiction. In other words a legally sufficient petition must be filed within the time prescribed by the statute in order to confer jurisdiction upon the court to thereafter hear and determine the cause." 281 Ill. App. at 588.

We have already determined that the trial court correctly ruled that counts I and II were not filed within the time prescribed by statute (which necessarily rendered the court without jurisdiction to consider them); that count III was insufficient as a matter of law to state a cause of action for fraud; and that the allegation in count IV, that plaintiff was entitled to actual notice of the election, was devoid of legal merit. For these reasons, plaintiff had failed to file a "legally sufficient petition" within the 30 days prescribed by section 23—24. Consequently, the trial court did not abuse its discretion in denying plaintiff's motion to amend.

Additionally, section 9—19 of the Liquor Control Act and section 23—24 of the Election Code both require that an action to contest either the validity or results of a local option election be brought by *five legal voters* of the political subdivision in which the election was held. Plaintiff neither alleged in his complaint nor asserted to the trial court or to this court that he is a registered voter of the 36th precinct. Rather, plaintiff argued that *Pinkerton v. Marcin* (1979), 67 Ill. App. 3d 628, 385 N.E.2d 1, grants him, a liquor licensee, standing "to challenge the validity (or results) of a local option petition." Plaintiff alternatively asserted that if he were allowed to amend the complaint to incorporate section 23—24, he intended to challenge the constitutionality of the requirement that a liquor option election contest be brought by five legal voters on the ground that it resulted in denying him any remedy for the deprivation of a valuable property right. Plaintiff's reliance on *Pinkerton v. Marcin* on the question of standing to challenge the results of the election is misplaced. In *Pinkerton,*

the court held, in a supplemental opinion on denial of rehearing, that, contrary to its position in the original opinion, the plaintiff-liquor licensee did have standing under section 9—4 of the Liquor Control Act (Ill. Rev. Stat. 1977, ch. 43, par. 169) to challenge the validity of the proposition set forth in the petition and subsequently placed on the ballot notwithstanding that at the time of the election at issue, section 9—4 had not yet been amended to confer standing to "affected licensees" as does the current version. *Pinkerton* did not involve an action to contest the results of an election under section 23—24 of the Election Code (Ill. Rev. Stat. 1985, ch. 46, par. 23—24) and therefore provides no support for the proposition that a liquor licensee has standing "to challenge the *** results *** of a local option [election]."

Here, plaintiff sought, more than 40 days after the results of the election were announced, to "amend" his legally insufficient original complaint so as to institute an election contest which he lacked standing to bring under the statutory provision he sought to incorporate, and which he maintains is at least partially unconstitutional. In other words, plaintiff sought to file an entirely new complaint beyond the time limit prescribed by a statute under which he did not have standing. On the basis of the authorities cited herein, it is our view that the trial court correctly determined that it lacked jurisdiction to allow any such "amendment," and we therefore affirm the orders of the court dismissing plaintiff's complaint with prejudice.

For the reasons stated, the order of the trial court dismissing plaintiff's petition is affirmed.

Affirmed.

LINN and JOHNSON, JJ., concur.