2025 IL App (4th) 250067

NO. 4-25-0067

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 3, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| GEORGE F. WECKBACHER, SCOTT BUTZIN, ARLENE RIAS, ANNETTE PARCHERT, REBECCA GOSS, CHERYL KOZLOV, MICHAEL LUEBBERS, and JENNIFER LUEBBERS, | ) ) ) ) | Appeal from the Circuit Court of Sangamon County No. 24MR219 |
| Plaintiffs-Appellants, | ) | |
| v. | ) | |
| CASANDRA B. WATSON, JACK VRETT, CATHERINE S. McCRORY, LAURA K. DONAHUE, JENNIFER M. BALLARD CROFT, CRISTINA D. CRAY, TONYA L. GENOVESE, RICK S. TERVEN SR., in Their Official Capacities as Board Members of the Illinois State Board of Elections; and MARNI MALOWITZ, in Her Official Capacity as General Counsel of the Illinois State Board of Elections, | ) ) ) ) ) ) ) ) ) ) | Honorable Daniel K. Wright, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court, with opinion.
Justices Doherty and Knecht concurred in the judgment and opinion.

**OPINION**

¶ 1        In December 2023, plaintiffs, George F. Weckbacher, Scott Butzin, Arlene Rias, Annette Parchert, Rebecca Goss, Cheryl Kozlov, Michael Luebbers, and Jennifer Luebbers, filed a complaint in McLean County against defendants, Casandra B. Watson, Jack Vrett, Catherine S. McCrory, Laura K. Donahue, Jennifer M. Ballard Croft, Cristina D. Cray, Tonya L. Genovese, and Rick S. Terven Sr., in their official capacities as members of the State Board of Elections (Board), and Marni Malowitz, in her official capacity as general counsel of the Board (collectively, Board members), in which plaintiffs alleged the Board members improperly certified (1) the form

of the ballot for the constitutional amendment voted on in the November 8, 2022, election and (2) the results of that election.

¶ 2            In May 2024, the trial court granted the Board members' motion to transfer venue and transferred the case to the circuit court of Sangamon County. In July 2024, that court conducted a hearing on the Board members' motion to dismiss and subsequently entered a written order granting that motion.

¶ 3            Plaintiffs appeal, arguing the trial court erred by dismissing the complaint because (1) the complaint stated a claim for a declaratory judgment action seeking a declaration that the November 8, 2022, amendment election was invalid and (2) the court improperly concluded the complaint was an election contest over which it lacked jurisdiction.

¶ 4            We affirm the trial court's judgment.

¶ 5                                    I. BACKGROUND

¶ 6            In December 2023, plaintiffs, proceeding *pro se*, filed a complaint in the circuit court of McLean County against the Board members, challenging the validity of the proposed constitutional amendment election held on November 8, 2022 (hereinafter, the amendment election). Specifically, plaintiffs alleged the ballot used in the amendment election was "illegal" because it "did not have the text of the Proposed Constitutional Amendment on it, it was not labeled 'CONSTITUTIONAL BALLOT,' and it was not a separate ballot from the 'Official Ballot' with candidates on it." Plaintiffs claimed the illegal ballot that the Board members "prepared and certified" violated section 16-6 of the Election Code (10 ILCS 5/16-6 (West 2022)), section 4 of the Illinois Constitutional Amendment Act (5 ILCS 20/4 (West 2022)), and article XIV, section 2, of the Illinois Constitution (Ill. Const. 1970, art. XIV, § 2). As a result, plaintiffs asserted the illegal ballot "invalidated" the amendment election and rendered it "void." In their prayer for relief,

plaintiffs requested the trial court "rule that the *** ballot was illegal making the *** election invalid" and "declare the [amendment] election null and void."

¶ 7 In February 2024, the Board members filed a combined motion to dismiss pursuant to section 2-619.1 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-2-619.1 (West 2024)), asserting that (1) under section 2-615 of the Procedure Code (*id.* § 2-615), plaintiffs' complaint failed to state a valid election contest claim because the complaint did not allege that irregularities changed the election results or imposed a duty on the court to declare the election void and (2) under section 2-619 of the Procedure Code (*id.* § 2-619), the trial court lacked subject matter jurisdiction because plaintiffs failed to (a) comply with section 23-24 of the Election Code (10 ILCS 5/23-24 (West 2022)) or (b) cite any other statutory authority for challenging the validity of the amendment election. In the alternative, the Board members sought a transfer of venue to either Cook County or Sangamon County pursuant to section 2-101.5(a) of the Procedure Code (735 ILCS 5/2-101.5(a) (West 2024)), which sets the venue for constitutional challenges.

¶ 8 In April 2024, Weckbacher *pro se* filed a response to the Board members' motion to dismiss in which he asserted that the complaint properly stated a claim under the declaratory judgment statute (735 ILCS 5/2-701 (West 2022)). Regarding dismissal pursuant to section 2-615, Weckbacher argued the Board members failed to identify any defects in the allegations of the complaint or argue that the ballot the Board certified for the amendment election was legal. He also argued that the substance of the complaint was a declaratory judgment action seeking a ruling from the court that the ballots used in the amendment election were illegal. Weckbacher asserted that because he was not contesting the results of the election, he did not have to meet the pleading standards in the Election Code.

¶ 9 Regarding dismissal pursuant to section 2-619 for lack of subject matter

jurisdiction, Weckbacher conceded that (1) "[t]he statutes within the Election Code 10 ILCS 5/ do not offer jurisdiction to contest the validity of a Constitutional Amendment ballot" and (2) although the statutes "define the mandatory requirements to prepare and certify a Constitution Amendment ballot," they "do not offer legal recourse if done improperly." Weckbacher claimed article VI, section 9, of the Illinois Constitution granted the trial court jurisdiction over the case because it was a "justiciable matter." See Ill. Const. 1970, art. VI, § 9. He further argued that the court had statutory jurisdiction pursuant to the declaratory judgment statute.

¶ 10        We note that Scott Butzin was the only other plaintiff to file a response to the motion to dismiss, and Butzin raised the same arguments as Weckbacher. Both asserted that venue was proper in McLean County pursuant to section 2-101 of the Procedure Code (735 ILCS 5/2-101 (West 2022)).

¶ 11        In their reply, the Board members contended that whether challenging the results of the election or the validity of the election, plaintiffs had failed to plead sufficient facts to state a claim because they did not allege "how the election may have differed if not for the alleged issues with the ballot, whether there was fraud or malfeasance, or anything else that would have influenced the results of the election." The Board members argued that the trial court did not have original jurisdiction because (1) the complaint challenged administrative actions taken by the Board and (2) the Election Code did not adopt the Administrative Review Law (735 ILCS 5/3-101 to 3-113 (West 2022)). Last, the Board members asserted that the Election Code provided for judicial review of Board decisions only "in the circuit court of the county in which the hearing of the electoral board was held" (10 ILCS 5/10-10.1 (West 2022)), and because the Board only met and acted from Sangamon and Cook Counties, venue was improper anywhere else.

¶ 12        In May 2024, the trial court conducted a hearing on the Board members' motion to

dismiss. The court granted the Board members' motion to transfer, finding as follows:

> "[V]enue, by statute is either in Cook or Sangamon County pursuant to 735 ILCS 5/2-101.5 based on a request for declaratory relief that the ballot at issue originated out of Senate Resolution 55 and that the ballot, as drafted, violated the Constitution. Furthermore, none of the Petitioner's reside in McLean County, Illinois[,] and the [Board] does not have an office in McLean County, Illinois. Also, the decision to certify the ballot at issue made by the [Board] did not occur in McLean County, Illinois[,] and the [Board] only has offices in Cook and Sangamon Count[ies]."

¶ 13 The court allowed the parties to confer to see if they agreed on which county the case should be transferred to, and the parties selected Sangamon County. Accordingly, the court ordered the case transferred to Sangamon County.

¶ 14 After the case was transferred, the trial court in Sangamon County scheduled a hearing on the combined motion to dismiss to be conducted in July 2025. The parties appeared at that hearing and presented arguments to the court, and the court took the matter under advisement. We note that no report of proceedings or other substitute appears in the record on appeal.

¶ 15 On July 29, 2024, the trial court issued a written order granting the combined motion to dismiss and "dismissed [the plaintiffs' complaint] with prejudice on the grounds set forth in the Combined Motion to Dismiss and Defendants' Reply for failure to plead sufficient facts under 735 ILCS 5/2-615 and lack of subject matter jurisdiction pursuant to Section 2-619." In that order, the court wrote the following:

> "In addition to the grounds set forth in Defendants' Combined Motion to Dismiss and Reply, Plaintiffs' Complaint is also dismissed to the extent that Plaintiffs' briefs and oral argument attempted to recast their claim as an action for

declaratory judgment pursuant to 735 ILCS 5/2-701 without any supporting allegations in the Complaint. The Complaint makes no reference to the declaratory judgment statute and fails to allege the threshold legal elements of a cause of action arising thereunder. Even if Plaintiffs could amend the Complaint to properly allege an action for declaratory judgment, the Court finds that any such claim under the circumstances of this case is untimely.

'The declaratory judgment process allows a court to address a controversy after a dispute arises but before steps are taken that give rise to a claim for damages or other relief. Although a declaratory judgment action is proper to determine the parties' existing rights, *a court may dismiss such an action if "a party, seeks to enforce his rights after the fact." ' Karimi v. 401 North Wabash Venture, LLC*, 2011 IL App (1st) 102670, ¶ 10 [citations].

Here, Plaintiffs neither sought declaratory or injunctive relief regarding the form of ballot following the Illinois Secretary of State's certification of the form of ballot on September 6, 2022 nor at any time prior to the November, 2022 General Election or before Defendants certified the results in December, 2022. Instead, Plaintiffs delayed their assertion of any claim for declaratory judgment until their briefs in response to Defendants' Combined Motion to Dismiss, over a year after the Defendants' alleged actions outlined in the Complaint. This was well 'after the fact' as all actions to which Plaintiffs object were taken long before any assertion of a cause of action for declaratory judgment. As a consequence, any claim for declaratory judgment under the circumstances of this case is untimely and subject to dismissal pursuant to the foregoing authority.

[T]his case is clearly distinguishable from the Kentucky Supreme Court case of *Westerfield v. Ward* in that the Plaintiffs in that case filed an action for declaratory judgment and injunctive relief *before* the subject election and certification of the results. 599 S.W.3d 738 (2019). Conversely, Plaintiffs in the case at bar delayed assertion of any claim for declaratory judgment until 'after the fact' and over a year following the Defendants' certification of the November, 2022 General Election results.

Independent of the other grounds for dismissal pursuant to Section 2-619.1 of the [Procedure] Code, any claim for declaratory judgment is untimely and the Court finds the Complaint cannot be amended to cure said defect." (Emphases in original.)

¶ 16 In August 2024, Weckbacher timely filed a motion to reconsider, and in December 2024, the trial court denied that motion after a hearing.

¶ 17 This appeal followed.

¶ 18                                   II. ANALYSIS

¶ 19 Plaintiffs appeal, arguing the trial court erred by dismissing the complaint because (1) the complaint stated a claim for a declaratory judgment action seeking a declaration that the November 8, 2022, amendment election was invalid and (2) the court improperly concluded the complaint was an election contest over which it lacked jurisdiction.

¶ 20 We affirm the trial court's judgment.

¶ 21                          A. The Applicable Law: Motions To Dismiss

¶ 22 "Section 2-619.1 allows a party to combine a section 2-615 motion to dismiss based upon a plaintiff's substantially insufficient pleadings with a section 2-619 motion to dismiss based

upon certain defects or defenses." (Internal quotation marks omitted.) *Madison County v. Illinois State Board of Elections*, 2022 IL App (4th) 220169, ¶ 42. A section 2-615 motion to dismiss tests the legal sufficiency of a complaint and points out defects in the pleadings. *Nyhammer v. Basta*, 2022 IL 128354, ¶ 23; *Stachler v. Board of Education of Chicago*, 2023 IL App (1st) 221092, ¶ 9. "This motion admits the truth of the facts alleged in support of the claim but denies the legal sufficiency of those facts." (Internal quotation marks omitted.) *Stachler*, 2023 IL App (1st) 221092, ¶ 9. "A section 2-619 motion admits both the truth of the facts alleged in support of the claim and the legal sufficiency of the claim, but it raises affirmative matters which it asserts defeat the claim." (Internal quotation marks omitted.) *Id.*

¶ 23    In a section 2-615 motion, which may be referred to as a "So what" motion, a defendant is basically saying, "So what? The facts the plaintiff has pleaded do not state a cause of action against me." (Internal quotation marks omitted.) *Winters v. Wangler*, 386 Ill. App. 3d 788, 792 (2008). By contrast, a section 2-619 motion may be referred to as a "Yes, but" motion because in a 2-619 motion, a defendant is essentially staying, "Yes, the complaint was legally sufficient, but an affirmative matter exists that defeats the claim." (Internal quotation marks omitted.) *Id.*

¶ 24    "Section 2-619(a)'s purpose is to provide litigants with a method of disposing of issues of law and easily proven fact—*relating to the affirmative matter*—early in the litigation." (Emphasis in original.) *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 30; *Süd Family Ltd. Partnership v. Otto Baum Co.*, 2024 IL App (4th) 220782, ¶ 92. However, those easily proven issues of fact "*must* relate to the affirmative matter that is the asserted basis for the dismissal"; "section 2-619 is not the proper method to contest the truth of a factual allegation." (Emphasis added.) *Northwestern Illinois Area Agency on Aging v. Basta*, 2022 IL App (2d) 210234, ¶ 38. If a defendant's "affirmative matter" in its motion is "essentially an answer

denying an allegation set forth in the complaint"—in other words, "a negation of an essential element of the plaintiff's cause of action"—that defendant is asserting that the allegations against it are "[n]ot true" and can raise such a fact-based argument *only* at trial or in a motion for summary judgment. See *Howle v. Aqua Illinois, Inc.*, 2012 IL App (4th) 120207, ¶¶ 36-37.

¶ 25 A trial court's dismissal of a complaint pursuant to section 2-619.1 is reviewed *de novo*. *Madison County*, 2022 IL App (4th) 220169, ¶ 42.

¶ 26 B. The Trial Court Lacked Subject Matter Jurisdiction

¶ 27 In this case, the trial court granted the Board members' motion to dismiss, finding that the court lacked subject matter jurisdiction. The trial court was correct.

¶ 28 "[C]ircuit courts may exercise jurisdiction over election cases only as provided by statute because, in election cases, the court exercises special statutory jurisdiction." *Ontiveroz v. Khokhar*, 2025 IL 130316, ¶ 42; see *Young v. Mikva*, 66 Ill. 2d 579, 582 (1977) ("The right to contest an election was not recognized at common law, and a court has no jurisdiction over such matters unless a statute so provides."). "Correspondingly, absent statutory authority, courts are without jurisdiction to hear or determine an action to contest an election." *Ross v. Kozubowski*, 182 Ill. App. 3d 687, 693 (1989). "In the exercise of special statutory jurisdiction, if the mode of procedure prescribed by statute is not strictly pursued, no jurisdiction is conferred on the circuit court." *Bettis v. Marsaglia*, 2014 IL 117050, ¶ 14.

¶ 29 Here, Weckbacher and the other plaintiffs were contesting the validity of the election and expressly disclaimed any challenge to the results of the election. "An action to contest the validity of an election is not the same as one to contest the results of an election." *Ross*, 182 Ill. App. 3d at 694. "[A]n action to contest the validity of an election questions the legality of the election itself, whereas an action contesting the results of an election charges irregularities which

are alleged to have changed the outcome of it." *Id.*

¶ 30 As Weckbacher acknowledged repeatedly in the trial court and the plaintiffs acknowledge in their briefs to this court, the Election Code does not provide a mechanism for challenging the validity of an election or the legality of constitutional amendment ballots; instead, it provides only for petitions to challenge the results of an election. See 10 ILCS 5/23-24 (West 2022). Discussing challenges to an election under that section of the Election Code, the supreme court stated in *Coalition for Political Honesty v. State Board of Elections*, 65 Ill. 2d 453, 463 (1976) (quoting *Sanders v. Salem Township of Salem*, 385 Ill. 362, 364 (1944)), " 'only the result of an election as determined by the returns or count of the ballots, and not the validity of the election, may be contested.' "

¶ 31 We note that the legislature knows how to provide the ability to contest the validity of elections on public referendums because it has done so in the Liquor Control Act of 1934. See *Krauss v. Board of Election Commissioners of Chicago*, 287 Ill. App. 3d 981, 983 (1997) (discussing section 9-19 of the Liquor Control Act of 1934 (235 ILCS 5/9-19 (West 1994)) and concluding that the voters stated a cause of action challenging the validity of the ballot used in the local election). The legislature has not permitted contests to the validity of elections in any other statute, including the Election Code.

¶ 32 Plaintiffs' complaint sought judicial review of two administrative actions: (1) the September 2022 certification of the amendment election ballot and (2) the December 2022 certification of the amendment election results. Because the Illinois Constitution does not provide jurisdiction on its own, plaintiffs could maintain a suit only as provided by statute. The Election Code provides only for claims challenging the results of an election on a constitutional amendment and not for claims challenging the election's validity. Accordingly, even assuming the complaint

stated a cause of action for declaratory judgment, the trial court correctly determined that it lacked subject matter jurisdiction over the suit.

¶ 33                    C. Plaintiffs' Failure To State a Declaratory Judgment Claim

¶ 34          Plaintiffs attempt to get around the lack of subject matter jurisdiction by claiming their complaint stated a valid claim for declaratory judgment. Even assuming this belief about jurisdiction were correct—which, to be clear, it is not—the trial court still properly dismissed the complaint because it failed to state a proper claim for declaratory relief.

¶ 35                            1. *The Applicable Law*

¶ 36          Section 2-701(a) of the Code of Civil Procedure provides that a circuit court may, "in cases of actual controversy, make binding declarations of rights, having the force of final judgments." 735 ILCS 5/2-701(a) (West 2022). "The essential requirements for asserting a declaratory judgment action are (1) a plaintiff with a legal tangible interest, (2) a defendant with an opposing interest, and (3) an actual controversy between the parties involving those interests." *Cahokia Unit School District No. 187 v. Pritzker*, 2021 IL 126212, ¶ 36. "The declaratory judgment statute is liberally construed and should not be restricted by unduly technical interpretations, but its application must still follow the general rule that a court may not pass judgment on mere abstract propositions of law, render advisory opinions, or give legal advice as to future events." *Super Mix of Wisconsin, Inc. v. Natural Gas Pipeline Co. of America, LLC*, 2020 IL App (2d) 190034, ¶ 30. "Declaratory relief is proper only if there is an actual legal controversy between the parties ***." *Id.* "In the declaratory judgment context, an actual controversy means a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof." (Internal quotation marks omitted.) *Cahokia*, 2021 IL 126212, ¶ 36.

¶ 37    The declaratory judgment procedure allows a trial court to "take hold of a controversy one step sooner than normally—that is, after the dispute has arisen, but before steps are taken which give rise to claims for damages or other relief. The parties to the dispute can then learn the consequences of their action before acting." (Internal quotation marks omitted.) *Beahringer v. Page*, 204 Ill. 2d 363, 372-73 (2003). "Although a declaratory judgment action is proper to determine the parties' existing rights, the court may dismiss such an action where the party seeks to enforce his rights after the fact." *BMO Harris Bank, N.A. v. Jackson Towers Condominium Ass'n*, 2018 IL App (1st) 170781, ¶ 24. The court may do so because "[t]he purpose of the declaratory judgment action is to give guidance for future conduct, not to provide relief related to past conduct." *Id.* ¶ 26 (citing *Babbitt Municipalities, Inc. v. Health Care Service Corp.*, 2016 IL App (1st) 152662, ¶ 41). "[I]f the parties' rights are fixed, *i.e.*, if the controversy has progressed so far that there is nothing left for [them] to do except file suit for damages or other consequential relief, then the claim has been brought too late; *** a declaratory judgment is no longer proper." (Internal quotation marks omitted.) *RSA Properties Mission Hills, P.C. v. Mission Hills Homeowners Ass'n*, 2024 IL App (1st) 231526, ¶ 23. "There must be at least some future conduct that the declaration sought will guide." *Id.*

¶ 38                                      2. *This Case*

¶ 39    In their briefs, plaintiffs insist that their complaint seeks only a judicial determination that the Board members certified a ballot that was illegal under the governing statutes. However, in the complaint's prayer for relief, plaintiffs also sought a declaration that the amendment election was void as a result.

¶ 40 Apparently, plaintiffs have now abandoned that requested relief. However, given this framing, plaintiffs' complaint was properly dismissed because it sought to adjudicate rights after the fact and not to resolve an ongoing controversy.

¶ 41 As the trial court appropriately recognized, plaintiffs' complaint is clearly untimely because the election occurred and the results were certified well over a year prior to the filing of this declaratory judgment action. Any election contest had to be filed within 30 days of the certification. 10 ILCS 5/23-24 (West 2022); *Ontiveroz*, 2025 IL 130316, ¶ 53. And any declaratory judgment action had to be filed prior to the election when the trial court still possessed the ability to issue an order resolving the controversy. See generally *Chicago Bar Ass'n v. White*, 386 Ill. App. 3d 955 (2008) (addressing errors in the form of a printed ballot for a constitutional convention referendum through a declaratory judgment action brought prior to the election).

¶ 42 Because the amendment election already had occurred, the Board members had no further obligations pursuant to the Election Code regarding the ballot or election and had no power to invalidate or otherwise undo the results of the election. Plaintiffs have no continuing or future interests, rights, or obligations either under the Election Code or the amendment that are at issue in this dispute. Put simply, there is no legal controversy between the parties because they have (1) no legal relationship to one another and (2) no enforceable legal or statutory obligations to one another at present or in the future regarding the amendment election. Accordingly, the trial court cannot declare any rights or obligations of the parties because none exist between them, and any such declaration would not guide or govern future conduct of the parties.

¶ 43 The parties have no ongoing dispute and certainly not one that can be prevented or resolved by the trial court's declaration of rights. The election is over. The Board's role has ended.

Accordingly, the trial court properly dismissed plaintiffs' complaint for failure to state a claim for declaratory judgment.

¶ 44 In closing, we thank the trial court for its astute and considered analysis in the dismissal order, which we found very helpful in understanding and resolving the issues presented in this case.

¶ 45                                    III. CONCLUSION

¶ 46 For the reasons stated, we affirm the trial court's judgment.

¶ 47 Affirmed.

*Weckbacher v. Watson*, 2025 IL App (4th) 250067

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Sangamon County, No. 24-MR-219; the Hon. Daniel K. Wright, Judge, presiding. |
| **Attorneys for Appellant:** | George Weckbacher, of Lindenhurst, appellant *pro se*. |
| **Attorneys for Appellee:** | Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Maura Forde O'Meara, Assistant Attorney General, of counsel), for the appellees. |